1

2

3

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

4

UNITED STATES OF AMERICA,

5

                    Plaintiff,

6

vs.                                                    Case No. 2:14–cr–4–JAD–VCF

7

LANALSIKOV LOWE,                               __ORDER AND__

8

                    Defendant.                    __REPORT & RECOMMENDATION__

9

10          This matter involves the United States of America's prosecution of *pro se* Defendant Lanalsikov

11  Lowe for, *inter alia*, possession of a controlled substance with intent to distribute. (Super. Indict. #30[1]).

12  Twelve motions are before the court. (*See* Docs. #95–#105, #111).  Each was filed by Lowe; each is

13  two-to-three pages long; and most consist of boilerplate requests for relief with no citations to authority

14  or supporting arguments. The court has chosen to address the motions before they are fully briefed

15  because the questions presented do not require briefing.[2]  Each motion is addressed below.

16  **I.      Notice to Correct the Indictment (#95)**

17          Lowe's first filing—a notice to correct the indictment—requests the court to reconsider is prior

18  rulings on Lowe's motions to suppress and accuses the U.S. Attorney's Office of "outrageous

19  government conduct." (*See* Doc. #95 at 1–3). The gravamen of Lowe's argument is that an Assistant

20  U.S. Attorney has a personal vendetta against Lowe for a childhood fight.

21          Lowe's motion to correct the indictment is denied for two reasons. First, Lowe has failed to

22  demonstrate an adequate reason for the court to reconsider its prior rulings. "Reconsideration is

23  appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear

24

25

---

[1] Parenthetical citations refer to the court's docket.

[2] *See* LR IA 3-1 (permitting the court to "dispense" with "any of these Rules," including the rules on briefing, *sua sponte*).

error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Here, Lowe has failed to demonstrate any of the three requisite conditions that would enable the court to reconsider its prior rulings. Therefore, Lowe's motion is denied.

Second, Lowe has failed to demonstrate that the U.S. Attorney's Office engaged in outrageous government conduct. In *United States v. Russell*, the Supreme Court stated that law enforcement officers may engage in conduct "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Russell*, 411 U.S. at 431–32; *see also Hampton v. United States*, 425 U.S. 484, 491–95 (1976). Generally, the government's involvement must (1) be *malum in se*, (2) "amount to the engineering and direction of the criminal enterprise from start to finish," or (3) be "so excessive, flagrant, scandalous, intolerable and offensive as to violate due process." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991); *United States v. Garza–Juarez*, 992 F.2d 896, 904 (9th Cir. 1993). Lowe failed to satisfy this standard.

## II.  <u>Motion to Appoint Expert (#96)</u>

Next, Lowe requests the appointment of a private investigator for six reasons: (1) serve subpoenas for defense; (2) "get context out of phone;" (3) "serve subpoena on United States Attorney Phillip N. Smith, Jr.;" (4) "collect known information I have to prove Mr. Smith was retaliatory on me over a fight we had as kids;" (5) "prove at trial in front of the jury Mr. Smith was targeting me;" and (6) "once investigator collects this information submit an evidentiary hearing on outrageous government conduct and prejudice." (Doc. #96 at 1–2). These six requests constitute the entirety of Lowe's motion. It contains no point and authorities or any factual support or legal arguments.

The Criminal Justice Act provides that courts many "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Representation includes

2

"counsel and investigative, expert, and other services necessary for adequate representation." *Id.* "The decision to grant or deny a motion for expert services pursuant to 18 U.S.C. § 3006A(e) is committed to the sound discretion of the district court and may only be overturned upon a showing of abuse of discretion." *United States v. Melendes-Canacas*, No. 08–cr–982–PHX–NVW, 2009 WL 4155146, *3 (D. Ariz. Nov. 23, 2009) (citing *United States v. Rinchack*, 820 F.2d 1557, 1563 (11th Cir. 1987)).

Under section 3006A(e), counsel for a defendant financially unable to obtain expert services for adequate representation may apply to the court for the needed funds. *Id.* (citation omitted). "If the court finds that the services are necessary and that the defendant is financially unable to obtain them, the court may authorize counsel to obtain the services." *Id.* (citing 18 U.S.C. § 3006A(e)(1)); *see also United States v. Chase*, 499 F.3d 1061, 1065 (9th Cir. 2007).

The burden is on the defendant to show the services are necessary. *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972). To justify the authorization of an expert or investigative services under section 3006A(e)(1), a defendant must demonstrate with specificity, the reasons why such services are required. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (quoting *United States v. Theriault*, 440 F.2d 713, 715 (5th Cir. 1971)), cert. denied, 441 U.S. 962 (1979). Thus, a district court may authorize funds for an expert witness when the defendant successfully makes a showing that: (1) the defendant is financially unable to provide the services; and, (2) the services of the expert are "necessary for an adequate defense." 18 U.S.C. § 3006A(e). "[M]agistrate judges and district judges have the discretion to rule on these applications to determine if the experts' services are necessary." *United States v. Bloomer*, 150 F.3d 146, 148 (2nd Cir. 1998) (citing 18 U.S.C. § 3006A(e)(1)).

Lowe failed to satisfy this standard. He has not shown the services are necessary or demonstrated with specificity he reasons why such services are required. *See Valtierra*, 467 F.2d at 126. Therefore, Lowe's motion is denied.

### III.   <u>Motion to Turn Over Defendant's Phone (#97)</u>

Lowe's third motion, a one page filing, asks the government to produce his cell phone for inspection. This motion is denied as moot. The government has already produced Lowe's cell phone. (*See* Opp'n (#108) at 1). Additionally, the court has already ruled on a motion to suppress involving the cell phone. (*See* Order #94).

### IV.   <u>Motion Allowing Access to the Law Library for 6 Hours (#98)</u>

Next, Lowe moves for six hours of access to the law library. Criminal defendants enjoy a Sixth Amendment right to represent themselves in court. *Faretta v. California*, 422 U.S. 806, 832 (1975). This includes some corollary logistical and procedural rights, such as the right to law books. *See United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995); *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985). Additionally, criminal defendants also have a due process right to meaningful access to the courts. *Morris*, 767 F.2d at 1446 (citing *Bounds v. Smith*, 430 U.S. 817 (1977). However, neither of these rights is absolute. *Id.* The court must permit the criminal defendant to have his voice heard. *Id.* at 1446 (citing *McKaskle v. Wiggins*, 465 U.S. 168, 104 (1984)). But, these rights do not permit a criminal defendant to abuse the judicial process. *Id.* (*United States v. Lane*, 718 F.2d 226, 232–34 (7th Cir. 1983)).

Lowe's motion for additional access to the law library is denied. The twelve motions before this court, and one motion pending with the District Judge, demonstrate that Lowe is capable of having his voice heard. The court also denies Lowe's motion because the motions he has filed to date are frivolous and vexatious. Rather than granting Lowe additional time in the law library, from which he will not benefit, **<u>Lowe should seriously reconsider his decision to represent himself.</u>** The Supreme Court has made it clear: self-representation is a constitutional right but it is a bad idea. In the words of Justice

4

Blackmun, "**one who is his own lawyer has a fool for a client.**" *Faretta*, 422 U.S. 806, 852 (1975) (emphasis added).

## V.   <u>Motion to Compel (#99)</u>

Lowe's fifth motion is a four-page, boilerplate *Brady* request. It seeks DNA evidence, photographs, witness statements, and any and all documents or objects in the government's control that may demonstrate Lowe's innocence. It motion does not request any specific information. Additionally, it provides no basis that would permit the court to infer that the government has not already complied with its obligations under *Brady*. Therefore, Lowe's motion is denied.

## VI.   <u>Motion to Order Government to Turn Over all Discovery (#100)</u>

Next, Lowe moves the court to turn over "all discovery" under Rule 16. Unlike Lowe's prior motions, this motion lists nineteen items that the government should be compelled to produce. However, Lowe makes no arguments in support of his nineteen requests for relief.

Federal Rule of Criminal Procedure 16(a)(1)(B) requires the government to disclose "any relevant written or recorded statement by the defendant if the statement is within the government's control and the government's attorney "could know" that the statement exists. Additionally, Rule 16(a)(1)(E) requires the government to permit defendants "to inspect" documents and objects within the government's control. Rule 16 grants defendants "a broad right of discovery," which includes both exculpatory and inculpatory evidence that is relevant to the defense. *United States v. Muniz–Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). Unlike *Brady*, the "defendant must make a threshold showing of materiality" to compel discovery under Rule 16. *Muniz–Jaquez*, 718 F.3d at 1183. This requires a presentation of facts which would tend to show that the government is in possession of information helpful to the defense. *Id.* General descriptions and

conclusory allegations are insufficient to compel discovery under Rule 16. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

Lowe failed to satisfy this standard. Lowe did not make a threshold showing of materiality or support his request for relief with facts that tend to show that the government possesses the requested information. Therefore, Lowe's motion is denied.

**VII.** **Motion to Suppress Evidence Due to New Evidence Not Disclosed (#101)**

Next, Lowe moves the court to reconsider its rulings on Lowe's prior motions to suppress. Lowe argues that the court should reconsider its rulings because on August 28, 2014, the Ninth Circuit decided *United States v. Nora*, 765 F.3d 1049, 1051 (9th Cir. 2014). In *Nora*, the Ninth Circuit reversed the District Court's ruling on a motion to suppress because the Ninth Circuit determined that the officers in *Nora* entered the Defendant's home without "first obtain[ing] an arrest warrant or an exception to the warrant requirement" that would permit the officers to enter the Defendant's home. *Id.* at 1054.

*Nora* is not comparable to the facts of Lowe's case. Here, the officers' entry into Lowe's home was constitutional because Lowe's girlfriend gave the officers permission to enter. *See Payton v. New York*, 445 U.S. 573, 583 (1980) ("[W]e are dealing with entries into homes made without the consent of any occupant."); *United States v. Vaneaton*, 49 F.3d 1423, 1428 n.1 (9th Cir. 1995) (Tashima, J. dissenting) (citing this statement and finding that "[t]he Court implicitly held that warrantless arrests inside the home were permissible when police entry into the home was consensual."). Therefore, Lowe's motion to suppress should be denied.

**VIII.** **Motion to Suppress Evidence Due to New Evidence Not Disclosed (#102)**

Next, Lowe moves to suppress on grounds that the court has already considered: whether the government's search of Lowe phone was lawful, whether *Nora* requires the court to suppress evidence in Lowe's case, whether information in the search warrant was stale, and whether the government's

search of the closet where officers found Lowe's gun was constitutional. As stated above, "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *ACandS, Inc.*, 5 F.3d at 1263. The court has not been presented with any facts or law that would warrant reconsideration here. Therefore, Lowe's motion to suppress should be denied.

**XI.     Second Motion Allowing Access to the Law Library for 6 Hours (#103)**

This motion is denied for the reasons stated above. (*See supra* § IV).

**X.     Motion for New Standby Counsel (#104)**

Next, Lowe moves for the appointment new standby counsel. He argues that his current standby counsel "in now [*sic*] way have [*sic*] the defendant's best interests." (Doc. #104 at 1). Lowe further argues that "the defendant also has a **constitutional right** to have law experienced counsel in his corner that has his best interests," that Lowe "cannot in any trust [*sic*] Mr. Brian Smith," and that "keeping Mr. Smith on the case would do the defendant more harm than good." (*Id*. at 2) (emphasis original). Lowe's motion contains no point and authorities or any factual support for the allegation that Mr. Smith is untrustworthy.

The aim of the Sixth Amendment "is not to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). The Sixth Amendment guarantees effective assistance of counsel, not a "meaningful relationship" between an accused and his counsel. *Morris v. Slappy*, 461 U.S. 1, 14 (1983). This right can be waived where, as here, the accused invokes his right to self-representation. *See Faretta v. California*, 422 U.S. 806, 835 (1975); (*See* Order (#93) at 1) (canvassing Lowe under *Faretta* and permitting Lowe to proceeding *pro se* under the Sixth Amendment). Like the right to effective assistance of counsel, the right to self-

7

representation has limits. *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). It does not include a right to standby counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).[3]

These principles form the contours of the choice that Lowe must now make: accept court-appointed counsel or proceed in *propria persona*. If Lowe chooses the former option, then he must permit court-appoint counsel to handle his defense. If Lowe elects to continue proceeding in *propria persona*, then he is advised that he must abide by the court's orders and rules of court.

The court, however, will not permit Lowe to both represent himself and retain standby counsel. In *McKaskle v. Wiggins*, the Supreme Court stated that criminal defendants have no right to "hybrid representation" (*i.e.*, self-representation and standby counsel). *Wiggins*, 465 U.S. at 183. Standby counsel is a privilege. *See id*. At this juncture, the court sees no reason to afford Lowe the privilege of standby counsel. The record is clear: Lowe has a well-documented history of disagreements with court-appointed counsel. (Docs. #22) (motion to withdraw by FPD William Carrico, Esq.); (Doc. #68) (motion to withdraw by Angela Dows, Esq.); (Doc. #90) (motion to withdraw by Brian Smith, Esq.); (Doc. #104) (moving to withdraw Brian Smith, Esq. as standby counsel). The record in Lowe's state-court prosecution is also clear: there he repeatedly refused to cooperate with court-appointed counsel. *Lanalsikov Lowe v. Nevada*, No. 64143 (Nev. July 22, 2014) (discussing how Lowe alleged various conflicts of interest in order to remove three public defenders from his case).

Therefore, the court grants Lowe's motion to remove Brian Smith, Esq. from his defense but denies Lowe's motion for new standby counsel. As discussed above, Lowe may either accept court-appointed counsel or proceed in *propria persona*. He has no constitutional right to standby counsel, and the court declines to appoint new standby counsel at this time. *See McKaskle*, 465 U.S. at 183.

---

[3] *McQueen v. Blackburn*, 755 F.2d 1174, 1178 (5th Cir. 1985); *Locks v. Sumner*, 703 F.2d 403 (9th Cir. 1983), *cert. denied*, 464 U.S. 933 (1983); *United States v. Gigax*, 605 F.2d 507 (10th Cir. 1979).

## XI.   Motion to Appoint Expert (#105)

Next, Lowe moves for the appointment of a private investigator "in order to be able to be fully prepared come trial" and "explore another defensive strategy that has not been explored by the government." (Doc. #105 at 1).

As discussed above, the Criminal Justice Act provides that courts many "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Representation includes "counsel and investigative, expert, and other services necessary for adequate representation." *Id.* "The decision to grant or deny a motion for expert services pursuant to 18 U.S.C. § 3006A(e) is committed to the sound discretion of the district court and may only be overturned upon a showing of abuse of discretion." *United States v. Melendes-Canacas*, No. 08–cr–982–PHX–NVW, 2009 WL 4155146, *3 (D. Ariz. Nov. 23, 2009) (citing *United States v. Rinchack*, 820 F.2d 1557, 1563 (11th Cir. 1987)).

Lowe's motion is denied for two reasons. First, Lowe did not make any argument in support of his assertion that a private investigator is needed "in order to be able to be fully prepared come trial." Second, it is the role of counsel, not a private investigator, to explore defensive strategies.

## XII.   Notice to the Court (#111)

Lowe's final motion is a notice to the court requesting the court to stamp and copy each of his filings. Many of Lowe's prior filings have been appended to this notice. Lowe is advised that all of his filings are date and time stamped upon receipt. Lowe is further advised to refrain from filing frivolous motions. Because Lowe's notice to the court is frivolous and does not request relief, it is stricken.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Lowe's Motion to Appoint Expert (#96) is DENIED.

IT IS FURTHER ORDERED that Lowe's Motion to Turn Over Defendant's Phone (#97) is DENIED as moot.

IT IS FURTHER ORDERED that Lowe's Motion Allowing Access to the Law Library for 6 Hours (#98) is DENIED.

IT IS FURTHER ORDERED that Lowe's Motion to Compel (#99) is DENIED.

IT IS FURTHER ORDERED that Lowe's Motion to Turn Over All Discovery (#100) is DENIED.

IT IS FURTHER ORDERED that Lowe's Second Motion Allowing Access to the Law Library for 6 Hours (#103) is DENIED.

IT IS FURTHER ORDERED that Lowe's Motion for New Standby Counsel (#104) is GRANTED in part and DENIED in part. Lowe's motion to remove Brian Smith, Esq. from his defense is GRANTED. Lowe's motion for new standby counsel is DENIED.

IT IS FURTHER ORDERED that Lowe's Motion to Appoint Expert (#105) is DENIED.

IT IS FURTHER ORDERED that Lowe's Notice to the Court (#111) is STRICKEN.

IT IS RECOMMENDED that Lowe's Notice to Correct the Indictment (#95) be DENIED.

IT IS FURTHER RECOMMENDED that Lowe's Motion to Suppress Evidence Due to New Evidence Not Disclosed (#101) be DENIED.

IT IS FURTHER RECOMMENDED that Lowe's Motion to Suppress Evidence Due to New Evidence Not Disclosed (#102) be DENIED.

DATED this 6th day of November, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

10