**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LANALSIKOV LOWE,<br><br>Defendant. | Case No.: 2:14-cr-0004-JAD-VCF<br><br>**Order Affirming and Adopting Report and Recommendation [112] and Denying Notice to Correct the Indictment [95] and Motions to Suppress [101, 102]** |

  Defendant Lanalsikov Lowe is charged with possession of cocaine with intent to distribute and two counts of being a felon in possession of a firearm. Doc. 30. He has gone through four attorneys and is currently proceeding pro se, despite being repeatedly advised of the "dangers and disadvantages of self-representation." *Faretta v. California,* 422 U.S. 806 (1975). In his capacity as a pro se litigant, Lowe has filed dozens of motions, twelve of which Magistrate Judge Cam Ferenbach addressed in a November 6, 2014, "Order and Report & Recommendation."[1] Magistrate Judge Ferenbach denied Lowe's motions to appoint a private investigator (##96, 105), to compel the government to turn over his cell phone (#97), to allow him greater access to the law library (##98, 103), to compel the government to turn over various evidence, information, and discovery (##99, 100), to appoint standby counsel (#104), and Lowe's request that the court stamp and copy each of his filings (#111); and the Magistrate Judge recommends that I deny Lowe's request for reconsideration of suppression-motion denials based on alleged outrageous government conduct (#95), and also deny Lowe's new motions to suppress allegedly undisclosed evidence (##101, 102). Lowe offers a handful of objections[2] without referencing the specific motions or rulings they

---

[1] Doc. 112.

[2] Doc. 120.

1

address; I liberally construe these arguments as objections to the recommendation that I deny Lowe's request for reconsideration and the denials of his requests for discovery and additional law library time. Having carefully reviewed the record, all briefing, the Magistrate Judge's R&R, Lowe's appeal or objections, and having completed a de novo review, I adopt Magistrate Judge Ferenbach's findings and conclusions, affirm his orders, accept his recommendations, overrule Lowe's objections, and deny each of Lowe's twelve motions.

## Background

On November 25, 2013, the Las Vegas Metropolitan Police Department responded to a domestic violence call from Lowe's girlfriend.[3] When Metro arrived, the girlfriend consented to a search of her apartment, where Lowe had been staying for about a month since being released from prison.[4] The fruits of that search led to Lowe's indictment for possession of narcotics with intent to distribute and two counts of being a felon in possession of a firearm.

Lowe has since cycled through four court-appointed attorneys, invoked his right to self-representation,[5] and filed dozens of motions. Judge Ferenbach's November 6th R&R resolves twelve of those motions. Lowe objects that Judge Ferenbach is standing by "allowing the government to commit outrageous government misconduct by committing perjury, lying under oath, falsifying consent forms, refusing to turn over complete discovery, manufacturing a case and vindictive prosecution."[6] He accuses Judge Ferenbach of conspiring with the government and denying his "constitutional right to have all" his "discovery because he did not tend to show that the government possesses that requested discovery."[7] And he asks this court to order "the government to

---

[3] Doc. 50-1; *see also* Doc. 61 (admitting testimony of officers).

[4] Doc. 50-2.

[5] Judge Ferenbach conducted a *Faretta* canvas of Lowe on October 8, 2014, and concluded that Lowe is capable of proceeding pro se. Doc. 92. I confirmed his desire to represent himself and forego the assistance of counsel in a November 24, 2014, hearing. Doc. 121.

[6] Doc. 120 at 3.

[7] *Id*.

turn over full discovery and the defendant the right to look over their notes, law books, and law library time."[8] I address each of these objections below.

**Discussion**

**1.   Law Library Access**

The only ruling that Lowe specifically identifies in his objection is Judge Ferenbach's denial of Lowe's requests for additional access to the law library while he is being held in the pretrial detention facility. Lowe is correct that the Sixth Amendment requires that a pro se defendant who is incarcerated be given reasonable access to "law books, witnesses, or other tools to prepare a defense."[9] But the right of access "is not unlimited" and must be "balanced against the legitimate security needs or resource constraints of the prison."[10] The key is that a defendant being given a chance to have "his voice heard."[11]

Lowe has been given that chance, as amply demonstrated by his prolific pro se motion practice. He argues that he should be given more time in the law library because "other defendants with lawyers have been granted this access and cannot even file motions."[12] But there is no evidence that Lowe himself has been prevented from filing motions as a result of his current allotment of library time. As Judge Ferenbach observed when denying Lowe's motion for additional library access, "the motions [Lowe] has filed to date are frivolous and vexatious."[13] This observation is well supported by the record, which is rife with examples of duplicative, reiterated requests for items and relief many times denied. Accordingly, I overrule Lowe's objection and

---

[8] *Id.*

[9] *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995) (quoting *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985)).

[10] *Id.*

[11] *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) (quoting *McKasle v. Wiggins*, 104 S.Ct. 944, 949 (1984)).

[12] Doc. 120 at 2.

[13] Doc. 112 at 4.

affirm Judge Ferenbach's denial of Lowe's requests for additional library access and resources.

**2.    Other Objections**

Lowe's remaining objections are less specifically targeted.  For example, he does not object to Judge Ferenbach's denial of his requests for a private investigator[14] or standby counsel.[15]  Nor does he object to Judge Ferenbach's recommendations that I deny his motions to suppress.[16] Instead, he more generally claims that the government has "manufacture[d] a case"[17] and that Judge Ferenbach is in on the conspiracy.[18]  In liberally construing Lowe's pro se objections, I divide them into their two basic themes: outrageous government conduct and the desire for additional discovery materials from the government.

   **a.    Outrageous government conduct**

The first category under which Lowe's objections can be grouped is his allegation that the government has committed outrageous conduct that requires the dismissal of his indictment.  These arguments were raised in Lowe's  "Notice to Correct the Indictment," which is the first motion Judge Ferenbach reviewed.[19]  In that motion, Lowe argued that the court should reconsider its prior rulings on Lowe's motions to suppress and accuses the U.S. Attorneys of prosecuting him as part of a lifelong, personal vendetta.[20]

Lowe resuscitates this argument in his objection and adds Judge Ferenbach to the list of outrageous actors, accusing the Magistrate Judge of having "stood by allowing the government to commit outrageous government misconduct by committing perjury, lying under oath, falsifying

---

[14] *See* Doc. 112 at 2-3, 9.

[15] *See id.* at 7-8.

[16] *See id.* at 6-7.

[17] Doc. 120 at 1.

[18] *Id*. at 2.

[19] *See* Doc. 112 at 1.

[20] *See* Doc. 95 at 1-3.

4

1 consent forms, refusing to turn over complete discovery, manufacturing a case and vindictive
2 prosecution."[21] He further alleges that "not only have government attorney Philip Smith and Lisa
3 Giroux prejudice (sic) the case, but this case was done out of pure vindictive prosecution."[22] But
4 these allegations are just that—allegations. Bald ones. Lowe has completely failed to support them
5 with any evidence or authority.

6 The Ninth Circuit has established clear standards both for the kind of reconsideration Lowe
7 requests and for demonstrating outrageous government conduct. Reconsideration is appropriate
8 when the district court "(1) is presented with newly discovered evidence, (2) committed clear error
9 or the initial decision was manifestly unjust, or (3) [] there is an intervening change in controlling
10 law."[23] Lowe does not mention these standards, let alone satisfy them. Nor does he address the
11 "extremely high standard" for dismissing an indictment for outrageous government conduct.[24] As the
12 Ninth Circuit Court of Appeals explained in *United States v. Black* last year, dismissal based on
13 outrageous government conduct is "'limited to extreme cases' in which the defendant can
14 demonstrate that the government's conduct 'violates fundamental fairness' and is 'so grossly
15 shocking and so outrageous as to violate the universal sense of justice.'"[25] Lowe fails to
16 acknowledge this standard or offer facts that would suggest his treatment in this case approaches that
17 found in the "only two reported decisions in which federal appellate courts have reversed
18 convictions under this doctrine."[26] Accordingly, I overrule Lowe's objection and adopt Judge
19 Ferenbach's recommendation to deny Lowe's "Notice to Correct the Indictment." **Lowe is**

---

21 [21] Doc. 120 at 1.

22 [22] *Id.*

23 [23] *School Dist. No. 1J v. AcandS, Inc.*, 5F.3d 1255, 1263 (9th Cir. 1993)

24 [24] *United States v. Garza–Juarez,* 992 F.2d 896, 904 (9th Cir. 1993) (quoting *United States v. Smith,* 924 F.2d 889, 897 (9th Cir. 1991)) (internal quotation marks omitted).
25

26 [25] *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) *(*quoting *United States v. Stinson,* 647 F.3d 1196, 1209 (9th Cir. 2011)).

27 [26] *Black*, 733 F.3d at 302.

28
5

1 **cautioned that his allegations of outrageous government conduct and all the other arguments**
2 **and issues addressed in Magistrate Judge Ferenbach's R&R have now been fully considered**
3 **and rejected by this court; if he brings another motion re-urging the same arguments and**
4 **allegations, it will be summarily denied.**

### b. Requests for additional discovery materials

The second category into which Lowe's objections fall is his various requests for additional discovery materials as raised in his boilerplate *Brady* request (Doc. 99) and his motion for orders directing the government to provide 19 additional discovery items (Doc. 100). Judge Ferenbach denied both requests because he found that Lowe offered "no basis that would permit the court to infer that the government has not already complied with its obligations under *Brady*" to provide potentially exculpatory evidence, and although Lowe asked for 19 categories of discovery in his motion to order the government to turn over "all discovery" under Rule 16, he did not "make a threshold showing of materiality or support his request for relief with facts that tend to show that the government possesses the requested information."[27] Lowe objects that these conclusions "denied [him] a constitutional right to have all [his] discovery because [he] did not tend to show that the government possess that requested discovery. THE MAGISTRATE JUDGE IS ALWAYS SUPPOSE TO BE FAIR BY MAKING THE GOVERNMENT TURN OVER ALL DISCOVERY NO MATTER WHAT."[28]

Lowe misunderstands the criminal discovery process and motion-to-compel practice. As Judge Ferenbach accurately pointed out, Rule 16 grants defendants a "broad right of discovery,"[29] but this right does mean that a court must make the government "turn over all discovery no matter what."[30] Rather, to compel discovery under Rule 16, a defendant must first "make a threshold

---

[27] Doc. 112 at 6.

[28] Doc. 120 at 2 (caps in original) (bold omitted).

[29] Doc. 112 at 5 (quoting *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013)).

[30] Doc. 120 at 2.

6

showing of materiality"[31] with something beyond mere general descriptions and conclusory allegations and present facts that show that the government possesses information helpful to his defense.[32] Lowe's list misses that critical step, and it was properly denied by Judge Ferenbach based on this material deficiency.

That said, the government agreed, in a hearing on November 24, 2014, to send Lowe fresh copies of all the discovery stipulated to in the joint agreement.[33] Given the number of attorneys Lowe has had and the fact that he has dismissed his attorney and is now representing himself, it is possible that some of the discovery items have not made it to Lowe—not because the government is, as Lowe claims, "hiding"[34] these items, but simply because transferring items from attorney to attorney is not seamless. With fresh copies of the entire set of discovery, Lowe should now have everything he needs. Therefore, while I agree with Judge Ferenbach's analysis of Lowe's motion, I overrule Lowe's objections based on the slightly different ground that they are now moot because the government expressly represented to me that Lowe would be promptly provided with a full and complete copy of all the discovery in his case.

**3.     All other findings and conclusions**

Having thoughtfully considered each of Judge Ferenbach's other findings and conclusions de novo, and with no specific objection to address, I agree with Judge Ferenbach's findings, conclusions, and orders, and I adopt and affirm all other non-objected-to portions of the R&R.

**Conclusion**

Accordingly, and for all the foregoing reasons, IT IS HEREBY ORDERED that Magistrate Judge Ferenbach's Report and Recommendation **[Doc. 112] is affirmed and adopted in full**, and Lanalsivov Lowe's objections **[Doc. 120]** are overruled.

---

[31] *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

[32] *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (quoting *United States v. Mandel*, 914 F.2d. 1215, 1219 (9th Cir. 1990)).

[33] *See* Doc. 121

[34] Doc. 112 at 2.

7

. . .

IT IS FURTHER ORDERED that:

- Lowe's notice to correct the indictment **[Doc. 95] is denied**;
- Lowe's motions to suppress evidence due to new evidence not disclosed **[Docs. 101, 102] are denied**.

DATED December 9, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE