**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>LANALSIKOV LOWE,<br><br>                    Defendants. | Case No. 2:14–cr–4–JAD–VCF<br><br>**ORDER AND<br>REPORT & RECOMMENDATION** |

This matter involves the United States of America's prosecution of *pro se* Defendant Lanalsikov Lowe for, *inter alia*, possession of a controlled substance with intent to distribute. (Super. Indict. #30[1]). Four motions are before the court. (*See* Docs. #113, #126, #129, #136).  Each was filed by Lowe; each is two-to-four pages long. Most consist of boilerplate requests for relief with no citations to relevant authority or supporting arguments. Each motion is discussed below.

### I.    Lowe's Motion to Dismiss (#113)

First, Lowe moves to dismiss, arguing that the court lacks "exclusive jurisdictional authority over the exact geographical location where the alleged criminal activity mentioned in the indictment took place." (Doc. #113 at 1). Lowe's argument misunderstands federal jurisdiction and, therefore, should be denied.

Federal Rule of Criminal Procedure 12(b) governs pleadings and pretrial motions. It permits a criminal defendant to contest jurisdiction in a motion to dismiss. *See* FED. R. CRIM. P. 12(b)(2). In federal court, the court's jurisdiction extends to "all offenses against the laws of the United States." *See* 18 U.S.C.

---

[1] Parenthetical citations refer to the court's docket.

§ 3231. This statute forms "the beginning and end of the [court's] jurisdictional inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999) (Easterbrook, J.).

If, as here, a federal grand jury returns an indictment, which charges the defendant with violations of federal law, then 18 U.S.C. § 3231 empowers the court to hear a criminal case and impose a sentence. *See, e.g.*, *United States v. Longoria*, 259 F.3d 363 (5th Cir. 2001), *on reh'g en banc*, 298 F.3d 367 (5th Cir. 2002). When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)).

Here, on January 1, 2014, a federal grand jury returned a two-count indictment against Lowe. Count one alleges that Lowe violated 18 U.S.C. §§ 922(g)(1), 924(a)(2). The indictment tracks the statutory language and states that Lowe was convicted of a felony in 1997 and subsequently possessed a Phoenix Arms .25 caliber handgun. Count two alleges that Lowe violated 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). The relevant portion of the indictment tracks the statutory language and states that Lowe knowingly possessed cocaine with intent to distribute on November 23, 2013. This is all that 18 U.S.C. § 3231 requires. The court, therefore, has jurisdiction.

Nonetheless, Lowe appears to argue that the federal government has no legislative authority to criminalize the conduct charged in the indictment and that the federal government is barred from prosecuting the alleged conduct. The court disagrees. Article I, section 8, clause 3 of the United States Constitution empowers Congress "[t]o regulate Commerce with foreign Nations, and among the several States, and within the Indian Tribes." This generally includes the power to criminalize conduct that (1) involves "the use of the channels of interstate commerce," (2) involves "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only

from intrastate activities," and (3) "substantially affect[s] interstate commerce." *See, e.g.*, *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

Accordingly, although states possess the primary authority for defining and enforcing criminal law, *see Brecht v. Abrahamson*, 507 U.S. 619, 635 (1993) (quoting *Engle v. Isaac*, 456 U.S. 107, 128 (1982), the Commerce Clause empowers the legislative branch to criminalize conduct, including the acts Lowe allegedly committed. *See, e.g.*, *United States v. Kim*, 94 F.3d 1247, 1249–50 (9th Cir. 1996). Once Congress criminalizes conduct, 18 U.S.C. § 3231 grants the court jurisdiction to hear prosecutions involving the criminalized conduct.

Here, Congress criminalized being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2), and possessing cocaine with intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C). As a result, the federal government is not barred from prosecuting Lowe for allegedly being a felon in possession of a firearm and possessing cocaine with intent to distribute. His motion to dismiss should be denied.

## II.     Lowe's Motion to Appoint Expert (#126)

Next, Lowe moves for the appointment of a handwriting expert in order to demonstrate that the Metropolitan Police Department forged consent forms signed by Lowe's ex-girlfriend. Lowe's motion is denied.

The Criminal Justice Act provides that courts many "furnish [] representation for any person financially unable to obtain adequate representation." 18 U.S.C. § 3006A(a). Representation includes "counsel and investigative, expert, and other services necessary for adequate representation." *Id*.[2]  "The

---

[2] "The legislative history of the [Criminal Justice] Act indicates that this section provided for an *ex parte* proceeding to 'prevent [] the possibility that an open hearing may cause a defendant to reveal his defense.'" *United States v. Melendes-Canacas*, No. 08–cr–982–PHX–NVW, 2009 WL 4155146, *3 (D. Ariz. Nov. 23, 2009) (citing *United States v. Gonzales*, 150 F.3d 1246, 1258 n. 16 (10th Cir. 1998)).

decision to grant or deny a motion for expert services pursuant to 18 U.S.C. § 3006A(e) is committed to the sound discretion of the district court and may only be overturned upon a showing of abuse of discretion." *United States v. Melendes-Canacas*, No. 08–cr–982–PHX–NVW, 2009 WL 4155146, *3 (D. Ariz. Nov. 23, 2009) (citing *United States v. Rinchack*, 820 F.2d 1557, 1563 (11th Cir. 1987)).

Under section 3006A(e), counsel for a defendant financially unable to obtain expert services for adequate representation may apply to the court for the needed funds. *Id*. (citation omitted). "If the court finds that the services are necessary and that the defendant is financially unable to obtain them, the court may authorize counsel to obtain the services." *Id*. (citing 18 U.S.C. § 3006A(e)(1)); *see also United States v. Chase*, 499 F.3d 1061, 1065 (9th Cir. 2007).

The burden is on the defendant to show the services are necessary. *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972). To justify the authorization of an expert or investigative services under section 3006A(e)(1), a defendant must demonstrate with specificity, the reasons why such services are required. *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) (quoting *United States v. Theriault*, 440 F.2d 713, 715 (5th Cir. 1971)), cert. denied, 441 U.S. 962 (1979). Thus, a district court may authorize funds for an expert witness when the defendant successfully makes a showing that: (1) the defendant is financially unable to provide the services; and, (2) the services of the expert are "necessary for an adequate defense." 18 U.S.C. § 3006A(e). "[M]agistrate judges and district judges have the discretion to rule on these applications to determine if the experts' services are necessary." *United States v. Bloomer*, 150 F.3d 146, 148 (2nd Cir. 1998) (citing 18 U.S.C. § 3006A(e)(1)).

Lowe failed to demonstrate that the services of a handwriting expert are "necessary for an adequate defense" for two reasons. First, the court has already adjudicated the issue that Lowe now disputes: whether the Metropolitan Police Department violated his Fourth Amendment rights when they entered his home. On May 16, 2014, Lowe's former counsel filed three motions to suppress. The court held a hearing

4

(Doc. #61) and entered a report and recommendation (Doc. #63) denying the motions, which the court adopted (Doc. #94).

Second, Lowe's request is supported by frivolous arguments. Lowe asserts that a handwriting expert is needed because the government committed "outrageous government conduct" and the government's witnesses have repeatedly perjured themselves. There is no support in the record for these conclusory assertions. Therefore, Lowe's motion is denied.

### III.     Lowe's Notice of Violation (#129)

The court next considers Lowe's notice regarding the government's alleged violation of his due process rights, ABA Rule 3.3(a)(3), and Model Rule of Processional Conduct 3.4(b). Lowe states that this filing serves to notice the government of his intent to commence "a class action law suite" for the government's alleged negligence, perjury, and falsification of records.

Lowe's notice of his intent to initiate a civil action has no bearing on his criminal prosecution and interferes with the court's management of its docket. Therefore, Lowe's notice is stricken. *See* FED. R. CRIM. P. 57(b) (permitting the court to regulate practice in any manner consistent with federal law, these rules, and the local rules of the district); *see also Metzger v. Hussman*, 682 F. Supp. 1109, 1111 (D. Nev. 1988) (discussing the court's inherent power to strike).

### IV.    Lowe's Motion in Limine (#136)

Finally, the court turns to Lowe's Motion in Limine (#136). Lowe argues that various categories of evidence—(*viz.*, expert testimony and evidence related to the gun, drugs, and domestic violence)—should be excluded from trial because the government failed to produce the evidence 30 days before trial. Lowe's motion in limine should be denied for two reasons.

First, Lowe's motion should be denied because it attempts to re-litigate adjudicated questions. Lowe argues that the government has engaged in an "intentional pattern of neglect" by failing to "disclose

all discovery, witnesses, and evidence." (*See* Doc. #136 at 1). The court has repeatedly addressed these concerns in the context of Lowe's previous *Brady* motion and related discovery motions. (*See, e.g.*, Doc. #112). Additionally, the court has addressed Lowe's arguments regarding the gun and cocaine in the context of three motions to suppress. (*See, e.g.*, Doc. #94) (adopting Rep. & Rec. #63).

Second, Lowe's motion should be denied because there is no indication that the government has withheld any evidence or intends to rely on evidence that was not timely produced before trial.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Lowe's Motion to Appoint Expert (#126) is DENIED.

IT IS FURTHER ORDERED that Notice of Violation (#129) is STRICKEN.

IT IS RECOMMENDED that Lowe's Motion to Dismiss (#113) be DENIED.

IT IS FURTHER RECOMMENDED that Lowe's Motion in Limine (#136) be DENIED.

DATED this 30th day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE