**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>LANALSIKOV LOWE,<br><br>                    Defendant. | Case No. 2:14–cr–4–JAD–VCF<br><br>**<u>ORDER</u>** |

This matter involves the United States of America's prosecution of *pro se* Defendant Lanalsikov Lowe for, *inter alia*, possession of a controlled substance with intent to distribute. (Super. Indict. #30). Two motions are before the court. (*See* Docs. #159, #160). Each was filed by Lowe; the first is three pages long and the second is one page long. They consist of boilerplate requests for relief with no citations to relevant authority or supporting arguments.

Additionally, the court has already adjudicated the issues that Lowe brings before the court. On November 6, 2014, this court entered an order and report and recommendation, denying Lowe's requests for relief regarding Outrageous Government Conduct and his allegations that one of the Assistant U.S. Attorneys is a former gang member who is seeking retribution against Lowe. (*See generally* Doc. #112). On November 21, 2014, Lowe filed two objections to the court's order and report and recommendation and filed a motion for reconsideration. (*See* Docs. #118–#120). On December 9, 2014, the Honorable Jennifer A. Dorsey, U.S. District Judge, adopted the report and recommendation in full and overruled Lowe's objections and request for reconsideration. (*See* Doc. #127).

As a result, no controversy regarding the Assistant U.S. Attorney or Outrageous Government Conduct exists in this action. Future motions on these issues will be summarily stricken or denied.

1

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Lanalsikov Lowe's Motion for Outrageous Government Condcut (#159) is DENIED.

IT IS FURTHER ORDERED that Lanalsikov Lowe's Motion for Subpoena for Philip Smith (#160) is DENIED.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 14th day of January, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE