UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>LAMALSIKOV LOWE,<br><br>    Defendant. | Case No.: 2:14-cr-0004-JAD-VCF<br><br>**Order Granting Special Access to Law Library (Doc. 155)** |

In less than a month, defendant Lamalsikou Lowe, who is charged with one count of possession of cocaine with intent to distribute and two counts of being a felon in possession of a firearm, is scheduled to go to trial *pro se* because he has exercised his Sixth Amendment right to represent himself. Docs. 30, 150. Mr. Lowe has indicated that he is having difficulty getting access to the law library at his detention facility, and he asks me to reconsider my denial of his request that I direct the facility to allow him daily access to the law library so he can prepare his defense. Doc. 155. Mindful of the short period of time before the scheduled trial[1] and the obvious difficulties of self-representation—difficulties of which the court has repeatedly warned Lowe—I grant Mr. Lowe's motion for special access to the law library[2] at the Nevada Southern Detention Center in part, and I direct the administration to permit him access to the law library for two hours a day until Lowe's trial begins.

**DISCUSSION**

In an order filed on December 9, 2014, I explained to Mr. Lowe that although the Sixth

---

[1] This recognition of the current trial date is not intended to preclude any trial continuances that may be necessitated in this case for various reasons—including Mr. Lowe's prolific filing of pretrial motions.

[2] Although Lowe titled this motion "Objection to judge's manifestly unjust decision on not granting the defendant extra law library time that other defendant's [sic] are allowed to receive in violation of 6th 5th 8th and 14th Amendments," I liberally construe this *pro se* filing as a renewed request for special access to the law library.

1

Amendment requires a *pro se* defendant who is incarcerated be given reasonable access to "law books, witnesses, or other tools to prepare a defense,"[3] this right of access "is not unlimited" and must be "balanced against the legitimate security needs or resource constraints of the prison."[4] The key is that a defendant be given a chance to have "his voice heard."[5] Mr. Lowe's prolific motion filing is a testament to the fact that his voice is being heard in this case.

In his most recent request for special access to the law library, Mr. Lowe claims his voice has not been given the same chance to be heard as the voice of a particular white detainee for whom I granted a request that he be given six hours of law-library access each day.[6] But that detainee had a special situation—not because of his race, but because of the nature of his case. He was charged in a complex, multi-defendant, financial-crime conspiracy that spanned ten years and millions of pages of documents. The discovery material was complex and necessitated extended access to a computer because the bulk of it—over 50 compact discs—was contained only on electronic files, none of which that defendant could review in his cell.[7] I therefore asked the Nevada Southern Detention Center to allow him "personal use of a properly working computer for six hours each day on a reasonable scheduled to be determined by the Warden or another representative designated by the Warden."[8]

I included this proviso about the schedule being determined by the Warden or another representative designated by the Warden because I wanted to make sure that the detainee's computer access did not interfere with the day-to-day operation of the detention center. As the Supreme Court

---

[3] *United States v. Sarno*, 73 F.3d 1470, 1491 (9th Cir. 1995) (quoting *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985)).

[4] *Id*.

[5] *Milton v. Morris*, 767 F.2d 1443, 1446 (9th Cir. 1985) (quoting *McKasle v. Wiggins*, 104 S.Ct. 944, 949 (1984)).

[6] Doc. 155 at 1.

[7] *Id*. at 7.

[8] *Id.*

2

explained in *Bell v. Wolfish*, courts should give prison administrators "wide-ranging deference in the adoption and execution and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."[9] Prisoners (and detainees) do not have a constitutional right to a personal computer.[10] The special arrangement I afforded that detainee was still subject "to all reasonable procedures and limitations necessary to ensure the safety of the facility or to address other reasonable concerns."[11]

Unlike the detainee for whom I ordered computer access, Mr. Lowe is not facing a complicated set of counts for a series of complex financial transactions. Nor is he dependent on a computer to review a mountain of discovery material. In short, Mr. Lowe has not shown that the six hours of daily library time necessitated by the unique circumstances of another detainee's case is equally warranted here. Nevertheless, I realize Mr. Lowe will soon undertake the unadvised task of defending himself at trial. He has been warned, repeatedly, that this is not a wise undertaking and that he is likely to encounter many obstacles, both procedural and substantive; but he remains adamant: he wants to mount his own defense, in his own words, on his own terms, without being represented by counsel.

To help him better exercise this constitutional right, and due to the imminency of the trial date, I request that, effective immediately, the Nevada Southern Detention Center allow Mr. Lowe access to the law library for no less than two hours each day on a reasonable schedule to be determined by the Warden or another representative designated by the Warden,[12] subject to all

---

[9] 441 U.S. 520, 547 (1979).

[10] *See Lehn v. Hartwig*, 13 F.App'x 389, 392 (7th Cir. 2001)) ("If prisoners have no constitutional right to a typewriter, they certainly do not have one to a computer."); *see also Robinson v. Joya*, Civ. 2010 WL 17779885, at *3 (E.D. Cal. Apr. 28, 2010) ("No court has found that prisoners have a constitutional right to possess personal computers, or items that are similar to personal computers, in their cell.").

[11] *United States v. Cecrle*, 2:12-cr-400-JAD-GWF, 2014 WL 31674, at *7 (D. Nev. Jan. 3, 2014).

[12] *See United States v. Janis*, 820 F. Supp. 512, 515 (S.D. Cal. 1992), *aff'd* 46 F.3d 1147 (9th Cir. 1995), cert den. 516 U.S. 869 (1995) (ordering that the detention center provide *pro se* detainee with "at least two hours of library time five days per week if [he] requests such time" and additional time leading

3

reasonable procedures and limitations necessary to ensure the safety of the Nevada Southern Detention Center and to address other reasonable institutional concerns.  Mr. Lowe has represented to me that under the current library policies and procedures, he has to compete with 400 other inmates for research time and so is often precluded from getting access to the law library to adequately review his legal and evidentiary materials.[13]  This order is designed to remove that obstacle so that Mr. Lowe can better prepare for his February trial.

## CONCLUSION

Accordingly, and for all the foregoing reasons, IT IS HEREBY ORDERED that Lamalsikou Lowe's Request for Extra Library Time **(#155) is GRANTED IN PART and DENIED IN PART**.

IT IS FURTHER ORDERED that, effective immediately, the Nevada Southern Detention Center shall provide detainee Lamalsikou Lowe access to the law library for no less than two hours each day, five days a week (if he requests it) on a reasonable schedule to be determined and set by the Warden or another representative designated by the Warden, until Lowe's trial begins or he enters a plea.  This accommodation shall be subject to all reasonable procedures and limitations necessary to ensure the safety of the facility, staff, and other detainees, and to address other reasonable institutional concerns.

IT IS FURTHER ORDERED THAT the government shall immediately serve a copy of this order on the Warden of the Nevada Southern Detention Center.  If the above accommodations cannot be made or present a problem at the detention facility, the court requests that the Warden or the Warden's designee immediately notify the court, defendant Lowe, and counsel for the government.

DATED January 21, 2015.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

up to his motion and trial dates).

[13] *See* Docs. 150, 155.