**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LAMALSIKOU LOWE,<br><br>Defendant. | Case No.: 2:14-cr-0004-JAD-VCF<br><br>**Order [Doc. 163]** |

*Pro se* defendant Lamalsikou Lowe, who faces gun and drug charges, objects to my January 6, 2015, order continuing his trial until February 10, 2015. Doc. 151. He claims that this continuance violates the Speedy Trial Act. Doc. 163. But Lowe's own steady stream of pre-trial motions keeps automatically extending the date by which he must be tried, and the continuance was expressly authorized by the Act. I therefore overrule Lowe's objections.[1]

**Discussion**

The Speedy Trial Act requires a defendant be tried within 70 days of the latest of either (1) the filing of an indictment or information or (2) the first appearance before a judge or magistrate.[2] But section 3161(h)(1)(D) of the Act excludes from this time "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." In other words, filing pre-trial motions extends the deadline by which, under the Act, a defendant must be tried; filing many pre-trial motions, as Lowe has done—and continues to do—extends that deadline considerably.

Ever since being indicted on January 7, 2014, Lowe has filed a steady stream of pre-trial motions. That pace has accelerated now that Lowe has decided to proceed *pro se*. In Lowe's first two weeks as his own lawyer, after having gone through four court-appointed ones, he filed twelve

---

[1] To the extent that this objection should be more properly characterized as a motion for reconsideration, I find that Lowe has failed to demonstrate a basis for reconsideration and I deny that request.

[2] 18 U.S.C. § 3161.

1

motions.[3]  In the week following his most recent hearing, he filed seven more.[4]  And on a single day, just this week, he filed another five.[5]  Each of these motions requires time to review—both on the part of the government, who must be given a chance to respond, and on the part of court, who must then evaluate the parties' arguments and write its decision.

Also excluded from the 70-day speedy-trial period under the Act is "Any period of delay resulting from a continuance granted by any judge on [her] own motion . . . if the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."[6]  I continued Lowe's trial to the February 10, 2015, stack under this provision by placing specific reasons (pending motions, the need for appointment of standby counsel, etc.) on the record, and I reiterated those reasons in my January 6, 2015, order.[7]  Lowe has not shown that any of these exclusions did not apply or that his continuance was otherwise improper.

Lowe has certainly demonstrated an industriousness when it comes to representing himself, leaving little doubt that he will present a vigorous defense when his trial eventually starts.  But his continued practice of filing motion after motion, when he has been advised of the inevitable effect of this activity on his trial date, belies his stated desire to begin that trial as quickly as possible.  Lowe's current must-be-tried date under the Act is now April 12, 2015, as a result of his recently filed motions and objections.  Although the court is endeavoring to resolve those motions as quickly as possible while still allowing the government a chance to respond, a resolution of all pending motions and objections by February 10th cannot be guaranteed.

. . .

---

[3] *See* Docs. 95-105, 107.

[4] *See* Docs. 153, 155, 158-160, 163.

[5] *See* Docs. 183-187.

[6] 18 U.S.C. § 3161(h)(7)(A).

[7] Docs. 150, 151.

**Conclusion**

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that Defendant Lamalsikou Lowe's Objection to Judge Continuance of Trial **[Doc. 163] is overruled**.

DATED January 28, 2015.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE