# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

      Plaintiff

      v.

LAMALSIKOU LOWE,

      Defendant.

Case No.: 2:14-cr-0004-JAD-VCF

**Order Denying Motion to Exclude DNA Evidence [Doc.139], Motion to Exclude Expert Testimony [Doc. 140], and Motion to Exclude Phone Evidence [Doc. 141]**

The trial of *pro se* defendant Lamalsikov Lowe, who faces gun and drug charges, is soon approaching. In preparation, he has filed several motions in limine. One of those motions, a request to exclude all "gun, drug, and domestic violence evidence"(#136) has already been denied because it reargues already adjudicated questions and "there is no evidence that the government has withheld any evidence or intends to rely on evidence that was not timely produced before trial." Doc. 137 at 5-6. The three motions addressed in this order—one of which requests that I exclude drug evidence, another that I exclude expert testimony, and a final one that requests I exclude evidence found on Lowe's cell phone—are denied for similar reasons.

## Discussion

**1.     Motion to Exclude Drug Evidence (#139)**

Lowe's motion to exclude drug evidence requests that I "not . . . allow evidence of drugs, not . . . allow testimony of drugs, and not . . . allow pictures of drugs."[1] He bases this request on the argument that the government, in violation of Rule 16 of the Federal Rules of Criminal Procedure, failed to timely provide the purity results from the drug analysis that it ran.[2] But FRCrP 16 does not

---

[1] Doc. 139 at 2.

[2] *Id*. at 1.

1  require the government to turn over these purity results, because the (1) the government does not

2  have to prove purity as an element of the drug crime with which it has charged Lowe, and (2) the

3  government has represented that it "has no intention of offering evidence of the purity of the cocaine

4  found on [Lowe's] person."[3]

5         Instead, the rule makes clear that the government need only turn over a report if "the item is

6  material to preparing the defense or the government intends to use the item in its case-in-chief at

7  trial."[4] Nowhere in Lowe's motion, which largely consists of unsupported conclusions, does Lowe

8  demonstrate that the purity of the drugs at issue in this case will be material to preparing his defense;

9  and the government has indicated, both in a hearing on January 5, 2015, and in its response to

10  Lowe's motion, that it will not be using the purity results in its case-in-chief.[5] The government

11  fulfilled its FRCrP 16 requirement regarding drug evidence when it turned over the report of Las

12  Vegas Metropolitan Police Department Forensic Scientist Jason Altnether before identifying him as

13  a witness on March 12, 2014. Lowe's motion, which ostensibly reargues motions that have already

14  been ruled on,[6] is therefore denied.

15
16  **2.      Motion to Exclude Expert Testimony: Kimberly Dannerberger and Lavon Cuyler (#140)**

17         Lowe also requests that I preclude the testimony of two government experts: Forensic

18  Scientist Kimberly Dannerberger of the Las Vegas Metropolitan Police Department and Special

19  Agent Lavon Cuyler of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Again he offers

20  FRCrP 16 as the legal basis for his motion.

21         Contrary to Lowe's contentions, however, the government did not violate this rule when it

22  identified Dannenberger as a witness on December 22, 2014, and Cuyler as a witness on December

23  _____

24    [3] Doc 142 at 1.

25    [4] Fed. R. Crim. P. (a)(1)(F)(iii).

26    [5] *See* Docs. 140 and 150.

27    [6] *See* Docs. 94 and 112.

28

23, 2014.

       **a.**      **Kimberly Dannerberger**

      Perhaps Lowe's argument about the untimeliness of the disclosure of Dannerberger as a witness would be stronger if his trial had not been continued until February 10, 2015. But part of why I continued the trial—in addition to needing to resolve all the motions Lowe keeps filing[7]—was to give Lowe a chance to better prepare his defense.[8]  Moreover, the government has represented that it does not intend to introduce in its case-in-chief the DNA evidence Dannenberger offers to provide, so FRCrP 16 did not require this DNA evidence to be disclosed.[9]

      Finally, Lowe has offered no authority for his argument that by disclosing Dannenberger as a witness when it did—two weeks before Lowe's previous trial date—the government violated FRCrP Rule 16. In fact, the government appears to have volunteered this information even though FRCrP Rule 16 only requires the government to disclose the experts it intends to use at trial if the defendant requests their disclosure[10]; and there is no evidence Lowe did so before Dannenberger was identified. For these reasons, Lowe's request to exclude Dannenberger is denied.

       **b.**      **Lavon Cuyler**

      Back in February of 2014, the government provided formal notice that it intends to call as a witness Special Agent Michael LaRusso of the Bureau of Alcohol, Tobacco, Firearms, and Explosives.[11] A nexus report was then turned over to Lowe's counsel at the time, William Carrico.[12] Lowe now objects that Special Agent Lavon Cuyler is being substituted for Special Agent LaRusso.

---

[7] *See* Doc 150.

[8] *See* Fed. R. Crim. P. 16(d)(2)(b); *see also U.S. v. Vasquez-Olea*, 463 Fed.Appx. 704, 705 (9th Cir. 2011) (explaining that one way to remedy any untimeliness in the discovery process is to offer a continuance, even if that offer is rejected by the defendant).

[9] *See* Fed. R. Crim. P. (16)(a)(1)(F)(iii).

[10] *See* Fed. R. Crim. P. (16)(a)(1)(G).

[11] *See* Doc. 18.

[12] *See* Bates Stamp #368.

But the government followed all the requirements of FRCrP 16 when identifying Special Agent Cuyler has a witness–namely, filing formal notice[13] and including Cuyler's curriculum vitae.[14] Cuyler is also the author of the original nexus report the government submitted back in February of 2014. His testimony, the government indicates, will be entirely consistent with that original report, and Lowe has not shown that the substitution of Special Agent Cuyler for Special Agent Russo will prejudice Lowe in any way at trial. Accordingly, Lowe's request to exclude Special Agent Cuyler is denied.

**3.     Motion to Exclude Evidence Found on Phone (#141)**

Lowe's remaining motion in limine is titled "Motion in Limine to Preclude the Use of Evidence From Phone of a Bullet Proof Vest and [sic] for Violation of Rule 16 (a)(1)(G) and (b)(1) and 16 (a)(1)(A)."[15] But nowhere else in the document does he mention the phone or why I should exclude evidence obtained from it. Instead he merely reasserts stale arguments about DNA results and how the government has perjured itself, none of which are newly persuasive.

Even if Lowe had spent time arguing for the exclusion of evidence obtained from the phone, it is unlikely that I would have granted his motion. I already ruled on that issue[16] with the help of a full evidentiary hearing conducted by Magistrate Judge Ferenbach[17] and his thorough Report and Recommendation issued on August 11, 2014, and adopted on October 10, 2014.  Lowe's motion is therefore denied.

. . .

---

[13] *See* Doc. 133.

[14] *See* Doc. 133-1.

[15] Doc. 141.

[16] *See* Doc. 94.

[17] *See* Doc. 61.

1

**Conclusion**

2    Accordingly, IT IS HEREBY ORDERED that:

3    •       Defendant Lamalsikov Lowe's Motion to Exclude DNA Evidence **(Doc. 139) is**

4            **DENIED**;

5    •       Lowe's Motion to Exclude Expert Testimony **(Doc. 140) is DENIED**; and

6    •       Lowe's Motion to Exclude Evidence From Phone **(Doc. 141) is DENIED**.

7    DATED January 29, 2015.

8

9    _____
     JENNIFER A. DORSEY
10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                        5