# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

Plaintiff

v.

LAMALSIKOU LOWE,

Defendant.

Case No.: 2:14-cr-0004-JAD-VCF

**Order**
**[Docs. 113, 136, 137, 168]**

*Pro se* defendant Lamalsikou Lowe, who will soon go to trial on gun and drug charges, objects to the Report and Recommendation issued by Magistrate Judge Cam Ferenbach on December 30, 2014, which denies Lowe's motion for the appointment of a handwriting expert, strikes Lowe's notice of violation, and recommends I deny two other of Lowe's motions: (1) one that argues that I lack jurisdiction over Lowe's alleged criminal activity, and (2) one that argues I should exclude various categories of evidence.  Doc. 137.  Having completed a de novo review of the record, all briefing, Judge Ferenbach's report, and Lowe's objections, I affirm Judge Ferenbach's report, adopt his findings and recommendations, overrule Lowe's objections, and deny Lowe's motions.

## Discussion

1.      **Motion to Dismiss for Lack of Jurisdiction (#113)**

Lowe is being prosecuted in federal court for violating both 18 U.S.C. 922(g)(1), which prohibits felons from possessing a firearm, and 21 U.S.C. 841(a)(1), which prohibits the possession of a controlled substance with an intent to distribute. Proceeding *pro se*, Lowe contends that the federal government does not have the jurisdictional authority to enforce these statutes—which is essentially an argument that the statutes themselves are unconstitutional.

Lowe's jumping-off point for this argument is the Supreme Court's decision in *United States v. Lopez*.[1]  There, the Court struck down a statute that prohibited persons from possessing a gun

---

[1] 514 U.S. 49 (1995).

1

1    while in a "school zone."[2]  The Court held that, in passing the statute, Congress exceeded its power

2    under the Commerce Clause in an important way: the statute, as written, did not provide any

3    "jurisdictional element [that] would ensure, through case-by-case inquiry, that the firearm possession

4    in question affects interstate commerce."[3]

5              Following *Lopez*, similar constitutional challenges were made to the statutes Lowe now

6    appears to be contesting. Each of these challenges failed, including one in the Ninth Circuit.[4] In other

7    words, the argument that Lowe advances—that Congress is precluded from extending the reach of its

8    authority to criminalize conduct involving guns or drugs—has been categorically rejected. Post-

9    *Lopez*, circuit courts have instead consistently upheld the constitutionality of 18 U.S.C. 922(g)(1)

10   and also consistently upheld the constitutionality of 21 U.S.C. 841(a)(1).

11             Lowe's second argument is also unpersuasive. In his view, "Nevada laws are sufficient to

12   prosecute weapons like [the one he is charged with illegally possessing],"[5] so the federal government

13   has no business intervening. But just because the Nevada legislature has adopted criminal laws that

14   could punish Lowe for possessing a firearm does not mean the federal government, as a separate

15   sovereign, cannot prosecute him as well.  Under the dual-sovereignty doctrine outlined in *Heath v.*

16   *Alabama*, "successive prosecutions by separate sovereigns for crimes arising out of the same acts are

---

18        [2] *Id*. at 561. *See* 18 U.S.C. § 922(q).

19        [3] *Lopez*, 514 U.S. at 561.

20
21        [4] *For failed challenges to* 18 U.S.C. 922(g)(1*), see U.S. v. Hanna*, 55 F.3d 1456, 1462 n.2 (9th
     Cir. 1995); *U.S. v. Spires*, 79 F.3d 464, 466 (5th Cir. 1996); *U.S. v. Bennett*, 75 F.3d 40, 49 (1st Cir.
22   1996); *U.S. v. Abernathy*, 83 F.3d 294, 296-97 (2d Cir. 1995); *U.S. v. Bell*, 70 F.3d 495, 497-98 (7th Cir.
     1995); *U.S. v. Hinton*, 69 F.3d 534, 1995 WL 623876 (per curiam) (unpublished decision) (4th Cir.
23   1995), cert. denied, 516 U.S. 1150 (1996); *U.S. v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995), cert denied,
     516 U.S. 1137 (1996); *U.S. v. Shelton*, 66 F.3d 991 (8th Cir. 1995) (per curiam), cert. denied, 517 U.S.
24   1125 (1996); *U.S. v. Mosby*, 60 F.3d 454, 456 (8th Cir. 1995). *For failed challenges to* 21 U.S.C.
     841(a)(1)*, see U.S. v. Kim*, 94 F.3d 1247, 1249-50 (9th Cir. 1996); *U.S. v. Brown*, 276 F.3d 211, 214-15
25   (6th Cir. 2002), cert. denied, 535 U.S. 1079 (2002); *U.S. v. Pemberton*, 140 F.3d 767, 772 (8th Cir.),
     cert. denied, 525 U.S. 907 (1998); *U.S.  v. Westbrook*, 125 F.3d 996, 1009 (7th Cir.), cert. denied, 520
26   U.S. 1170 (1997); *U.S. v. Orozco*, 98 F.3d 105, 107 (3d Cir. 1996); *U.S. v. Rogers*, 89 F.3d 1326, 1338
     (7th Cir.) cert. denied, 519 U.S. 999 (1996).

27        [5] Doc. 113 at 1.

28                                                          2

not barred by the Double Jeopardy Clause."[6]   The premise of the doctrine is that "[w]hen a defendant in a single act violates the 'peace and dignity' of two sovereigns by breaking the laws of each, he has committed two distinct 'offenses.'"[7]   The key question therefore is whether the two entities that seek to successively prosecute Lowe for the same conduct "draw their authority to punish [him] from distinct sources of power."[8]

They do.  The state of Nevada draws its authority to punish Lowe from one source of power, and the federal government draws its authority to punish Lowe from a distinctly different source of power.  As *Heath* makes clear, "the [Supreme Court] has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government."[9]   Accordingly, the federal government has the power to prosecute Lowe for the conduct he is charged with.  Judge Ferenbach was therefore right to recommend I deny Lowe's motion to dismiss for lack of territorial jurisdiction.  I adopt his analysis and recommendation, overrule Lowe's objections, and deny Lowe's motion.

**2.      Motion to Appoint Handwriting Expert (#126)**

Judge Ferenbach was also right to deny Lowe's motion to appoint a handwriting expert. The Criminal Justice Act permits courts to furnish not just counsel but also "investigative, expert, and other services necessary for adequate representation" to defendants who are  financially unable to obtain these services on their own.[10] But the burden is on defendants to show the services are

---

[6] *U.S. v. Traylor*, 978 F.2d 1131, 1132 (9th Cir. 1992) (citing *Heath v. Alabama*, 472 U.S. 82, 88 (1985)).

[7] *Heath*, 474 U.S. at 88 (quoting *United States v. Lanza*, 260 U.S. 377, 382 (1922)).

[8] *Id*.

[9] *Id.* at 89 (quoting *U.S. v. Wheeler*, 435 U.S. 313, 320, n. 14 (1978)).

[10] 18 U.S.C. § 3006A(a).

3

necessary.[11] As Judge Ferenbach correctly concluded, Lowe has not met that burden.

To justify a handwriting expert, Lowe would need to show, with specificity, that the services of this expert are "necessary for an adequate defense."[12]  All he does in his objections, however, is assert that "The magistrate was put on notice that I was financially unable to obtain investigative and expert services but yet the magistrate still denied me this right."[13]  He makes no attempt to show why a handwriting expert is necessary.  Nor are the arguments in his original motion, which consists largely of unsubstantiated accusations of government misconduct, persuasive.  As Judge Ferenbach explained, "the court already adjudicated the issue Lowe now disputes: whether the Metropolitan Police Department violated his Fourth Amendment rights when they entered his home"; and there is no support in the record for Lowe's claims that the government has committed "outrageous government conduct" or that the government's witnesses have perjured themselves. [14]  I affirm Judge Ferenbach's denial of Lowe's motion for appointment of a handwriting expert and overrule Lowe's objections.

**3.     Notice of Violation (#129)**

I similarly affirm Judge Ferenbach's decision to strike Lowe's notice of violation. Lowe states that the notice is intended to make "the government aware that I will be going after your bar license and filing a class action law suite [sic] for your repeated and consistent patterns of []negligence."[15] This is improper, at least for a criminal proceeding. As Judge Ferenbach correctly pointed out, Lowe's intention to file a civil action against the government has no bearing on his current prosecution, and filing an irrelevant notice only wastes judicial resources and interferes with

---

[11] *United States v. Valtierra*, 467 F.2d 125, 126 (9th Cir. 1972).

[12] 18 U.S.C. § 3006A(a). *See* also *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978) ("When requesting investigative services, a defendant must show specifically the reasons why the services are necessary.").

[13] Doc. 168 at 2.

[14] Doc. 137 at 4-5.

[15] Doc. 129 at 1.

4

1  the management of the court's docket.[16] I therefore affirm Judge Ferenbach's decision to strike

2  Lowe's notice of violation and overrule Lowe's objections.[17]

3  **4.      Motion in Limine: Exclusion of All Gun, Drug, and Domestic Violence Evidence (#136)**

4          The final motion Judge Ferenbach addressed in his R&R requests that I exclude "all gun,

5  drugs, and domestic violence" evidence.[18]  In it, Lowe revisits issues of evidence that have already

6  been ruled on, as Judge Ferenbach noted when he laid out his reason for recommending I deny the

7  motion: "Lowe argues that the government has engaged in an 'intentional pattern of neglect' by

8  failing to 'disclose all discovery, witnesses, and evidence.  (*See* Doc. #136 at 1).  The court has

9  repeatedly addressed these concerns in the context of Lowe's previous *Brady* motion and related

10 discovery motion.  (*See*, *e.g.* Doc. #112).  Additionally, the court has addressed Lowe's arguments

11 regarding the gun and cocaine in the context of three motions to suppress.  (*See, e.g.* Doc. #94)."[19]

12         Lowe's objections add nothing substantive to his initial motion. Instead he continues to

13 insist, in entirely conclusory language, that the government has intentionally withheld evidence "TO

14 MAKE SURE THE DEFENDANT DOES NOT HAVE A FAIR TRIAL."[20]  But nothing in the

15 record supports Lowe's claim.  As Judge Ferenbach noted, "there is no indication that the

16 government has withheld any evidence or intends to reply on evidence that was not timely produced

17 before trial."[21]  I therefore agree with Judge Ferenbach's recommendation that I deny Lowe's motion.

18 I adopt his findings and recommendation, overrule Lowe's objections, and deny Lowe's motion.

19

20

_____

21         [16] Doc. 137 at 5.

22         [17] *See* Fed. R. Crim. P. 57(b) (permitting the court to regulate practice in any manner consistent
   with federal law, the rules of criminal procedure, and the local rules of the district); *see also Metzger v.*
23 *Hussman*, 682 F. Supp. 1109, 1111 (D.Nev. 1988) (discussing the court's inherent power to strike.)

24         [18] Doc. 136.

25         [19] Doc. 137 at 6-7.

26         [20] Doc. 168 (emphasis in original).

27         [21] Doc. 137.

28                                                    5

**Conclusion**

IT IS HEREBY ORDERED that Magistrate Judge Ferenbach's Report and Recommendation **[Doc. 137] is AFFIRMED AND ADOPTED IN FULL**, and Lamalsikou Lowe's objections **[Doc. 168]** are **OVERRULED**.  IT IS FURTHER ORDERED that Lowe's motion to dismiss for lack of territorial jurisdiction **[Doc. 113] is DENIED,** and Lowe's motion in limine **[Doc. 136] is DENIED**.

DATED January 30, 2015.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE