UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff

v.

LAMALSIKOU LOWE,

    Defendant.

Case No.: 2:14-cr-0004-JAD-VCF

**Order**

[##138, 152, 153, 154, 157, 161, 167, 178, 192, 193, 218]

    The trial of pro se Defendant Lamalsikou Lowe on drug and felon-in-possession-of-a-gun charges is scheduled to begin tomorrow. The government now moves the court (Doc. 218) to schedule a status conference to address two things before commencement of trial: (1) Mr. Lowe's shackling during trial and (2) various filings that are arguably unresolved. I grant the government's request and schedule a **status conference for 8:30 a.m. on Tuesday, February 10, 2015**, to resolve any matters that remain outstanding at that time. **The government should be prepared to respond to the four motions Mr. Lowe filed on Friday, February 6, 2015, documents 212, 214, 215, and 216**, so that the court may make proper rulings on these motions before trial begins. I also use this order to take the opportunity to address the shackling issue and resolve any other filing that remains in need of a ruling or clarification of its status.

**Discussion**

**1.    Shackles at Trial [#218]**

    As the United States Supreme Court explained in *Deck v. Missouri*, "the Fifth and Fourteenth Amendments prohibit the use of physical restraints visible to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial."[1] The concern is that a defendant be given "unrestrained use of his reason, and all

---

[1] *Deck v. Missouri*, 544 U.S. 622, 629 (2005).

1

advantages, to clear his innocence."[2]

With this prohibition in mind, I asked representatives from the U.S. Marshals service to attend calendar call last week and provide me recommendations about the logistics of trial—including the need for Mr. Lowe, who is representing himself, to be shackled during trial for safety purposes. Mr. Lowe has been detained pending trial. He is a convicted felon who is before this court on gun and drug charges, and he also faces domestic-violence charges in state court. Indeed, the charges he faces here arise from a visit by police to investigate those domestic-violence charges. In light of all this information, I agree with the Marshal's recommendation that Mr. Lowe be shackled during the trial, and I find that the use of ankle shackles is justified by a public interest specific to this trial and this defendant. I also note that Mr. Lowe has specifically stated that he has no objection to being shackled. He has volunteered to the court that he wants the jury to observe him in shackles and his detention-facility uniform, even though he has informed the court that he has his own access to street clothes and the court has advised him that these choices may prejudice him before the jury.

Because I find that ankle shackling of Mr. Lowe is warranted during trial, I have made arrangements with courtroom security to hide the shackles that the U.S. Marshals have requested remain, for security purposes, on Mr. Lowe's ankles during trial.[3] All counsel tables—including Mr. Lowe's defense table (where he will be acting as his own counsel with the aid of standby counsel)—will be skirted to hide the shackles from view. The shackles themselves will be taped so that they will not make noise when Mr. Lowe moves around. And both Mr. Lowe and government counsel will put on their cases from behind their respective tables so that (1) Mr. Lowe does not have to walk in front of the jury and expose his shackles to them and (2) the government does not gain an unfair advantage by having a more wide-ranging freedom of movement. Sidebars will be eliminated and the jury will instead be asked to step out so that Mr. Lowe will not have to cross the well; and my clerks will be used to ferry any documents to the projector or to a witness so that neither Mr. Lowe

---

[2] *Id* at 627 (quoting 1 J. Bishop, New Criminal Procedure § 955, p. 573 (4th ed. 1895)).

[3] *See* Doc. 210.

2

nor the government will have a need to step outside of the barriers that hide their respective legs from the jury. I find these precautions are the best means possible to ensure that Mr. Lowe has full use of his reason, and all advantages, to clear his innocence.

**2.      Affidavits of Truth and Exhibits [##138, 152, 154, 178]**

**Document 152** is a filing that Mr. Lowe has titled, "Affidavit of Truth in Support of Complaint: The DNA Results Submitted 12-24-14 Proves the Witness Have [sic] Been Committing Perjury All Along." In it, he requests that I accept as true the following "facts":

- "The government submitted DNA results [on] 12-24-14 that they have been hiding since October that proves the witness LIED and complete testimony is PERJURED."
- "The government is in violation of ABA Rule 3.3.(2)(3), and Model Rule of Professional Conduct 3.4(b)."
- "The government is in violation of Fed. R. Crim. P. for keeping DNA results hid since October."
- "The government committed PERJURY when she chose to LIE under oath in open court about turning over discovery when she was hiding DNA results."
- "The government should be arrested for perjury."[4]

And he states that "The only remedy for this court is to dismiss with prejudice for the government[']s intentional disregard for the defendant[']s due process."[5] An "affidavit of truth" is not a proper vehicle for raising these issues. I liberally construe this pro se filing as another request that I dismiss the charges against Mr. Lowe for violation of his due process rights.

The thrust of this filing is Mr. Lowe's claim that the government impermissibly kept DNA results from him, thereby violating his due process rights. Lowe's claims that he has suffered due process violations that amount to outrageous government conduct and that the government failed to timely disclose DNA evidence have been repeatedly addressed and categorically rejected over the

---

[4] *See id.* at 1-2

[5] Doc. 152 at 1-3.

3

last year.[6] Lowe was warned that future re-urging of the same arguments would be summarily denied.[7] This iteration of the argument contains no new authority or argument to persuade me to reconsider these prior orders.[8] To the extent Mr. Lowe's "affidavit of truth" is reasonably and liberally construed as another motion to dismiss his indictment or exclude DNA evidence, it is denied; to the extent it was filed for another purpose, I disregard it.

Mr. Lowe has filed three other documents that suffer from the same defects. **Document 138** has no caption or title. It merely contains the following handwritten statement: "Exhibits just received 12-24-14 to be used at trial in violation of Rule 16(a)(1)(G) and (b)(1)(G). The government is in violation for not providing the DNA since October and no signed search warrant upon request." Doc. 138. It attaches a number of documents that the court can only guess are documents Lowe claims he received on December 24, 2014, and to which he is objecting. Lowe makes no request for court action by this filing; and the court can perceive no legitimate purpose for this document having been placed in the record. Document 138, therefore, will be disregarded.

The next document in this category is **document 154**, captioned an "Affidavit of truth in support of complaint: to hold AUSA Lisa Giroux in contempt for lying under oath in November about discovery." Lowe claims that, should the government "fail to rebut this affidavit of truth, [he] will accept the plaintiffs failure of rebuttal as a default due to acquiescence through estoppel and the plaintiff may not argue the facts within the defendant's complaint in this case or any other judicial process and the facts will remain facts before the court unless rebutted."[9] Again he accuses the government of withholding the DNA evidence and perjury, and he asks that the AUSA and any

---

[6] *See, e.g.*, Docs. 112, 127, 202; *see also* Doc. 190 at 3 ("[T]he government has represented that it does not intend to introduce in its case-in-chief the DNA evidence [the witness] offers to provide, so FRCrP 16 did not require this DNA evidence to be disclosed.").

[7] Doc. 127 at 6.

[8] *See School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.").

[9] Doc. 154 at 1.

4

"officers and witnesses" be "jailed."[10] He concludes that his case should be dismissed.[11] In light of the message in this pro se document, I liberally construe it as yet another motion to dismiss this case over the failure to timely disclose DNA evidence.[12]

But Lowe has not provided any new evidence or authority to support this renewed and redundant dismissal request, and his perjury arguments additionally make no sense because Lowe has not identified any sworn testimony. To the extent this affidavit is liberally construed as a motion for reconsideration of prior orders denying Lowe's motion to dismiss his charges based on outrageous government conduct or for failure to produce the DNA evidence, Lowe has failed to demonstrate that any relief is warranted and the request is denied. To the extent this "affidavit" was filed for any other purpose, I disregard it.

**Document 178** is yet another "Affidavit of Truth," this time "in Support of Complaint for Violation: Under the Color of Law by Cam Ferenbach and USDOJ Attorney's [sic] Daniel Bogden, Philip Smith and Lisa Giroux. They Have All Allowed Perjury, Corruption and Falsified Evidence to go on in the Courtroom. Not Reporting a Felony Crime Makes them an Accessory to a Crime."[13] The thrust of this argument is, again, that the government has manufactured this case against Lowe and the participating lawyers and judges are accomplices to a "crime." Mr. Lowe concludes this document by requesting I "make an order for the Attorney General to investigate all these Facts immediately," or I, too, will be guilty of this crime.[14]

For the reasons that I have stated throughout my various orders in this case, I continue to find no merit in Mr. Lowe's allegations. To the extent this is essentially yet another motion to dismiss based on outrageous government conduct, it is denied for all the reasons I have previously held and because Lowe has been cautioned that new iterations of this same argument will be summarily

---

[10] *Id*. at 2.

[11] *Id*. at 3.

[12] *See, e.g.*, Docs. 112, 127, 190, 202.

[13] Doc. 178.

[14] *Id*. at 2.

rejected.[15]  To the extent this is a motion asking me to compel an attorney general investigation, Lowe has pointed to no authority to support the proposition that I have the power (or should exercise the discretion) to take such action in the course of this criminal prosecution.  The request is denied, and the affidavit (Doc. 178) will be disregarded.

**3.      Objections [##153, 157, 167]**

**Document 153**, filed on January 6, 2015, is captioned an "Objection to the Magistrate Judge Report and Recommendation filed on 12-30-14."[16]  In it, Lowe accuses Magistrate Judge Cam Ferenbach of being a "silent accomplice"[17] to the government's violations of Lowe's due process rights.  Mr. Lowe reiterated these allegations in a second set of objections to this same Report and Recommendation ten days later on January 16, 2015, which I overruled as unsupported on January 30, 2015.[18]  My failure to mention the January 6, 2015, objection in my January 30, 2015, order was an oversight.  I now clarify that I find no merit in Mr. Lowe's claims that Magistrate Judge Ferenbach acted improperly in his decisions in this case, as I also explained in an earlier, December 9, 2014, order.[19]  Lowe's January 6, 2015, objections (Doc. 153) are overruled.

**Document 157** is another set of objections to the magistrate judge's rulings, but it does not identify any particular ruling it challenges.[20]  Because this set of objections does not appear to be raised in response to any specific order or report and recommendation, I disregard it.  I also disregard it for the separate and distinct reason that each of the points it raises has already been adjudicated several times over.  For example, Lowe's arguments about Magistrate Judge Ferenbach being biased in favor of the government have already been rejected in an order I issued on December 9, 2014.[21]

---

[15] *See, e.g.,* Docs. 112, 127, 164.

[16] *See* Doc. 153.

[17] *Id*. at 1.

[18] *See* Docs. 168, 194.

[19] Doc. 127.

[20] *See*. Doc. 157.

[21] *See* Doc. 127 at 4-5.

His arguments about the way the government has disclosed evidence in this case—particularly the DNA evidence— were rejected in a January 29, 2015, order.[22] Lowe has offered nothing to warrant reconsideration of those rulings. Mr. Lowe's objections (Doc. 157) are therefore overruled.

**Document 167** is entitled an "Objection to Government[']s Response to Use Expert Kimberly Dannenberger and Lavon Guyler in Violation of Rule 16, 37, 26." Procedurally, this is essentially Mr. Lowe's reply in support of his motion in limine, not a true objection, because it is intended to be a response to the government's January 5, 2015, opposition to Lowe's motion in limine to preclude these experts from trial.[23] I denied that motion in limine, after considering all the parties' arguments, including those raised in Lowe's reply brief.[24] Accordingly, the record will reflect that this "objection" is not a true objection, and no further action need be taken by the court in response to it.

**4.   Law Library Access [#192]**

In document 169, I entered an order granting Mr. Lowe special access to the law library and directing the detention facility to permit him access to the library for 2 hours per day.[25] In **document 192**, Mr. Lowe challenges that order and "objects to the Judge only granting 2 hours law library time when the defendant is pro se in 3 case with a total of 26 charges federal and state."[26] I liberally construe this pro se filing as a motion for reconsideration of my previous law-library order at document 169, and I am not persuaded that reconsideration is appropriate. My prior decision considered his rights, his decision to proceed pro se, and the realities of pretrial detention, and I am not persuaded that any change to that order is warranted. I also note that, although Mr. Lowe writes in this motion that to send him to trial without additional, special access to the law library "would be violating each and every right," he made it clear on the record at calendar call that he is prepared and

---

[22] *See* Doc. 190 at 1-4.

[23] *See* Docs. 140, 143.

[24] *See* Doc. 190 at 2-4.

[25] Doc. 169.

[26] Doc. 192.

7

eager to go to trial tomorrow. Mr. Lowe's "objection" (Doc. 192) to my law library order is overruled.

5.      **Notice of Expert Witness [#161]**

**Document 161** is captioned a "Notice of Expert Witness," in which Mr. Lowe states that he intends to call Assistant United States Attorney Philip Smith as a witness.[27] As I reminded Mr. Lowe at calendar call on Wednesday, February 4, 2015, and he fully acknowledged, the issue of Mr. Smith's alleged involvement in this case has already been decided: Mr. Smith will not be testifying at trial. The Notice (Doc. 161) is hereby disregarded. And to the extent that this notice can liberally be construed as a request for a subpoena for Mr. Smith, it is denied.

6.      **Domestic Violence/Battery Evidence [#193]**

I make the same ruling with respect to **Document 193**, captioned "Government not turning over Battery medical Reports taken on 1-25-13 by officer T. Katowich #6360 is a violation of 3161 Judges Order and Discovery Act," and appearing on the docket simply as "notice." In the concluding paragraph of this document, Mr. Lowe "moves for a dismissal under 3161 or the government not be allowed to use any evidence of battery domestic violence."[28] The crux of the argument in this document is Lowe's assertion that the government "has refused to turn over victim's medical report of battery taken on [January 25, 2013.]"[29] The government responds that it has turned over all the discovery it was supposed to turn over, and that it does not have in its possession any medical report of battery taken on January 25, 2013.[30]

The government's discovery disclosures have been repeatedly addressed by this court.[31] As has already been explained to Mr. Lowe,[32] Rule 16(a)(1)(E) requires the government to permit

---

[27] *See* Doc. 161.

[28] Doc. 193 at 2.

[29] *Id.* at 1.

[30] *See* Doc 203.

[31] *See* Doc. 112; *see also* Docs. 127, 190.

[32] *See* Doc. 112 5-6.

defendants to "inspect" documents and objects within its control; but Mr. Lowe must first make a "threshold showing of materiality" to compel the discovery he wants.[33] General descriptions and conclusory allegations are insufficient.[34] What is needed is a presentation of facts which would tend to show that the government is in possession of information helpful to the defense.[35]

Mr. Lowe has failed to meet this burden. His request is founded purely on conclusory allegations, like his claim that "the government has violated the Discovery Act"; and there is no evidence that the medical report Mr. Lowe requests is actually in the government's possession. Accordingly, to the extent I liberally construe this "notice" as a motion to exclude or suppress, I deny it. In all other respects, this "notice" is disregarded.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the government's motion for a status conference **[Doc. 218]** is GRANTED. A status conference is scheduled for 8:30 a.m. on Tuesday, February 10, 2015.

IT IS FURTHERED ORDERED THAT Defendant Lamalsikou Lowe's "Exhibits" **[Doc. 138]**, Affidavit of Truth Regarding DNA results **[Doc. 152]**, Affidavit of Truth Regarding Lisa Cartier-Giroux **[Doc. 154]**, Affidavit of Truth for Violation Under Color of Law **[Doc. 178]**, Notice of Expert Witness **[Doc 161]**, Objection to Response [**Doc. 167**], and Notice of Government not Turning Over Battery Medical Reports **[Doc. 193]** are **DENIED TO THE EXTENT THAT EACH REQUESTS RELIEF**; in all other respects they are **DISREGARDED**.

. . .

. . .

---

[33] *United States v. Muni-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013).

[34] *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995).

[35] *Muni-Jaquez*, 718 F.3d at 1183.

Finally, IT IS FURTHER ORDERED THAT Mr. Lowe's Objection to Report and Recommendation [**Doc. 153**], Objection to Magistrate Judge Ferenbach's Decision [**Doc. 157**], and Objection to Decision Regarding Library Access [**Doc. 192**] are **OVERRULED**.

DATED February 9, 2015.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE