```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA

UNITED STATES OF AMERICA,     )
                              )
   Plaintiff,                 )
                              )
vs.                           )        2:14-CR-0004-JAD-VCF
                              )
LANALSIKOU LOWE,              )        MINUTES OF THE COURT
                              )
   Defendant.                 )        DATED: February 10, 2015
```

PRESENT: HONORABLE JENNIFER A. DORSEY, UNITED STATES DISTRICT JUDGE

DEPUTY CLERK: Donna Sherwood     REPORTER: Felicia Zabin

COUNSEL FOR PLAINTIFF(S): Lisa Cartier-Giroux, Sarah Griswold

COUNSEL FOR DEFENDANT(S): Lanalsikou Lowe, Pro Se
                          Lucas Gaffney, Standby Counsel

PROCEEDINGS: **JURY TRIAL (DAY 1)**

8:35 a.m. Court convenes outside the presence of the prospective jurors. Defendant is present in custody.

The Court makes preliminary remarks.

Ms. Griswold reads the counts of the Superseding Indictment and the elements of each count.

Ms. Griswold presents argument on Defendant's pending motions [212, 214, 215, 216].

Defendant objects to wearing ankle shackles during the course of the trial.

Ms, Griswold has no objection to the defendant's shackles being removed.

After a brief sidebar with the Marshal, the Court directs the defendant's shackles will be removed.

The Marshal inspects the evidence and has no problem with it as long as the defendant does not have access to the guns and the drugs.

The record reflects the defendant's shackles have been removed.

```
2:14-CR-0004-JAD-VCF
2/10/2015
```
**Page 2**

The Court finds the defendant has knowingly, intelligently and voluntarily waived his right to counsel.

**IT IS ORDERED** [212] Defendant's Motion to Strike is **DENIED**; [214, 215] Defendant's Motions in Limine are **DENIED**; [216] Defendant's Motion to Dismiss is **DENIED.**

Ms. Griswold advises the Court one of the defendant's witnesses is outside the courtroom.  Ms. Griswold requests a brief recess for defendant to confer with that witness before the jury is brought into the courtroom.

The Court advises the parties the jury will be excused in order to address issues at sidebar.

The Court advises the defendant there will come a point when the Court will ask him if he wishes to testify on his own behalf.  The Court advises the defendant he can give a narrative statement or he can prepare a list of questions for standby counsel to ask him.

The Court will be referring to the jurors by their first name and last initial and will not be placing the last names on the record.

The Court will tell the jury the following: The defendant is representing himself in the case and his decision to do so should have no bearing on his guilt or innocence; seated at counsel table is standby counsel appointed by the Court for defendant's assistance.  The Court will read the Superseding Indictment to the jury.  The Court will advise the jury it will take approximately three days to try the case.  Both sides will remain seated at their tables and question the witnesses from the tables.

Mr. Gaffney advises the Court he provided the Court and the Government with Mr. Lowe's exhibit binders and he also typed up Mr. Lowe's handwritten exhibit list and provided that to the Court and the Government.

Mr. Gaffney further advises the Court he received the discovery on Friday afternoon and reviewed it over the weekend.

The Court noticed that the defendant listed Mr. Phillip Smith on his witness list and the Court has ruled Mr. Smith will not be called in this case.

```
2:14-CR-0004-JAD-VCF
2/10/2015
Page 3
```

Defendant places his objection to the Court's ruling on the record.

On the motion of Ms. Griswold, **IT IS ORDERED** the Rule of Exclusion is invoked.

The Court and Government counsel leave the courtroom so the defendant and Mr. Gaffney can confer with their witness, Rita Wenski.

9:25 a.m. Court stands at recess.

The prospective jurors are seated and sworn.

10:00 a.m. Court reconvenes in the presence of sixty-one prospective jurors.

The Court makes opening remarks.

The clerk reads the first name and last initial of the first thirty-two prospective jurors who have been seated in the jury box.

The Court explains the Superseding Indictment to the prospective jurors.

10:10 a.m. Voir dire commences.

11:15 a.m. Prospective jurors admonished and excused.

Ms. Griswold moves to excuse Juror Jessica Z for cause. The defendant has no objection.

Ms. Griswold requests Amy H. be canvassed further.

Mr. Gaffney argues on behalf of the defendant that there are possibly three African-American jurors in the first thirty-two seated jurors and moves to strike the entire venire panel and reseat a panel that has a fair cross-section of the population.

Ms. Griswold argues that defendant has no right to a racial distribution of the jury.

The Court takes the matter under submission.

```
2:14-CR-0004-JAD-VCF
2/10/2015
```
**Page 4**

11:21 a.m. Court stands at recess.

11:40 a.m. Court reconvenes outside the presence of the prospective jurors.  All parties are present.

The Court denies the defendant's request to strike jury panel.

11:43 a.m. Court reconvenes in the presence of the prospective jurors and voir dire continues.

Counsel exercise their peremptory challenges.

2:00 p.m. Court reconvenes in the presence of the prospective jurors.

Jury is selected.  Unselected jurors excused.  Selected jury sworn.

Court instructs the jury on the order of trial proceedings.

2:10 p.m. Jury admonished and excused to return at 3:10 p.m.

3:15 p.m. Court reconvenes outside the presence of the jury.

Ms. Griswold addresses the role of standby counsel and requests the Court instruct Mr. Gaffney and the defendant on the standby counsel relationship.

The Court did not perceive Mr. Gaffney was taking steps beyond the role of standby counsel.  The Court notes it appeared that Mr. Lowe remained in control of his defense and consulted Mr. Gaffney when needed.

The defendant addresses the Court regarding the Court's ruling that he will not be allowed to call Mr. Smith as a witness and yet Mr. Smith is in the courtroom today.

The Court advises the defendant the Court did not find there was any history of a rival gang history between him and Mr. Smith and the Court has excluded all evidence regarding Mr. Smith.

The defendant notes a wrong date on one of his Judgment of Convictions.  The Court and the parties confer on the issue.

```
2:10-CR-0004-JAD-VCF
2/10/2015
Page 5
```

3:35 p.m. Court reconvenes in the presence of the jury.  All parties are present.

The Court makes preliminary remarks to the jury.

Opening statements are presented by Ms. Cartier-Giroux on behalf of the Government and Mr. Lowe on his own behalf.

**OFFICER COREY FORSON,** called on behalf of the Government, is sworn and testifies on direct examination by Ms. Cartier-Giroux, cross examination by Mr. Lowe and redirect examination by Ms. Cartier-Giroux, then is excused.  **Government's Exhibits 2A through 2E are marked and offered, but not admitted.  Government's Exhibits 3A through 3C, 4L and 5 are marked and admitted in evidence. Defendant's Exhibits 502, 505 are marked, but not offered in evidence.**

Ms. Griswold moves Government's Exhibits 15a-b be admitted in evidence as certified public records.

Defendant has no objection to their authenticity.

**IT IS ORDERED Government's Exhibits 15A and 15B are admitted in evidence.**

**IT IS FURTHER ORDERED** the Jury Trial is continued to Wednesday, February 11, 2015, at 9:00 a.m.

The jury is admonished and excused.

5:00 p.m. Court adjourns.

```
                              LANCE S. WILSON, CLERK
                              United States District Court
                              By:    /s/
                                 Donna Sherwood, Deputy Clerk
```