# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LAMALSIKIOU LOWE (aka Lanalsikov Lowe),<br><br>Defendant | Case No.: 2:14-cr-0004-JAD-VCF<br><br>**Order Denying Post-Trial Motions**<br><br>**[##237, 238]** |

On February 12, 2015, a jury found defendant Lamalsikiou Lowe, who represented himself during the entire trial, (1) guilty of one count of possession of a controlled substance with intent to distribute, (2) guilty of one count of felon in possession of a firearm, and (3) not guilty of a second count of felon in possession of firearm.[1] Now Mr. Lowe, through his appointed counsel Lucas Gaffney,[2] moves for both a new trial under Federal Rule of Criminal Procedure 33[3] and a judgment of acquittal under Federal Rule of Criminal Procedure 29.[4] His arguments in each motion are the same: (1) the jury was prejudiced by the brief introduction of his prior conviction for sexual assault and battery; (2) the counts against him should have been severed; and (3) the drugs seized from him during the search incident to his arrest should have been suppressed.

After reconsidering the evidence, I do not find Mr. Lowe's arguments persuasive enough to warrant the extraordinary remedies he requests. A new trial "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict."[5] This is not one of them.

---

[1] *See* Doc. 229.

[2] During the trial, Mr. Gaffney served as Mr. Lowe's stand-by counsel. Mr. Lowe moved to have Mr. Gaffney appointed as counsel for all purposes after the verdict.

[3] Doc. 237.

[4] Doc. 238.

[5] *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotation marks omitted).

1

Nor is it a situation that merits a judgment of acquittal: viewing the evidence presented at trial "in the light most favorable to the prosecution," a rational juror could conclude that the government proved its case beyond the a reasonable doubt.[6] Accordingly, I deny both of Mr. Lowe's motions.

## Background

Mr. Lowe's trial began on February 10, 2015. Repeatedly warned of the perils of self-representation, he insisted on proceeding pro se; Lucas Gaffney was his court-appointed standby counsel. Because two of the charges against Mr. Lowe were for felon in possession of a firearm, and because Mr. Lowe did not stipulate to being a felon, the government introduced evidence in its case-in-chief to prove that Mr. Lowe had previous felony convictions.[7] But when it displayed to the jury Exhibit 15b, the judgment showing that Mr. Lowe had been convicted of robbery, the government had failed to redact the part of the judgment that showed Mr. Lowe had also been convicted of sexual assault and battery (the conviction on that offense had been reversed). For a few seconds, this unredacted part of the judgment was displayed on the screens in front of the jury; and one of the government's lawyers mistakenly read the words "found guilty of the crime of sexual assault (Category A Felony)" before I interrupted. The document was removed from the screens and replaced with the properly redacted version.

I immediately instructed the jury to disregard the unredacted exhibit and counsel's reading of it, and the government promptly moved to the correct version. I also reminded the jury that "[t]hose judgments of conviction were provided to you for no other purpose [than to prove that Mr. Lowe has sustained a felony conviction], and you should not consider them in any other way except to establish that element."[8]

---

[6] *United States v. Stoddard*, 150 F.3d 1140, 1144 (9th Cir. 1998).

[7] Doc. 245 at 273-76.

[8] *Id.* at 281.

2

**Discussion**

Mr. Lowe contends that the government's mistake, however brief, warrants a new trial or a judgment of acquittal. I disagree. The burden on Mr. Lowe to justify a new trial under Rule 33 is high. I "may not reweigh the evidence and set aside the verdict simply because [I] feel[] some other result would be more reasonable."[9] Instead, I can only set aside the verdict if I conclude that "the evidence preponderates sufficiently heavy against the verdict that a serious miscarriage of justice may have occurred."[10]

The burden on Mr. Lowe to merit a judgment of acquittal is similarly demanding because I must review his motion on a sufficiency-of-the-evidence standard.[11] In other words, he must show that, when viewed in the light most favorable to the government, the evidence presented at trial "is so supportive of innocence that no rational juror could conclude that the government proved its case beyond a reasonable doubt" or that "mere speculation, rather than reasonable inference, supports the government's case."[12] Mr. Lowe has not met either burden.

The incident he focuses on only lasted a few seconds, and the jury was immediately instructed to disregard what they saw of the exhibit and what they heard read from it. The jury was also told that the evidence of Mr. Lowe's prior convictions was "provided to [it] for one purpose and one purpose only": to establish that at the time he allegedly possessed a gun, he was a convicted felon.[13] Juries are presumed to follow this kind of limiting instruction.[14] Moreover, Mr. Lowe himself introduced a significant amount of evidence regarding his ex-girlfriend S. Moore's history of making allegations of domestic violence against him, and the search that turned up the guns and

---

[9] *United States v. Kellington*, 217 F.3d 1084, 1087 (9th Cir. 2000).

[10] *Id.*

[11] *Stoddard*, 150 F.3d at 1144.

[12] *United States v. Shelter*, 665 F.3d 1150, 1163 (9th Cir. 2011).

[13] Doc. 245 at 281.

[14] *See United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) ("[W]e must presume that juries will follow limiting instructions.").

drugs that were the subject of this prosecution occurred because the police were responding to a domestic violence call from Moore, who provided extensive trial testimony about the couple's tumultuous relationship history. In light of this context, I cannot conclude that the jury's momentary exposure to the unredacted state court judgment had any impact on the jury's assessment of the case, and certainly not the type of impact required for a new trial or acquittal. Indeed, the fact that the jury actually acquitted Mr. Lowe of one of the gun charges makes it difficult to conclude that its guilty finding on the other counts was influenced by the government's brief mishap.

Mr. Lowe also has not made a showing that the evidence presented at trial so heavily preponderates in his favor that a new trial or a judgment of acquittal is warranted. He has offered no facts from the case that might demonstrate that a rational juror could not have found him guilty or that a serious miscarriage of justice took place. In short, he has not met his burden under Rule 29 or Rule 33.

This conclusion extends equally to Lowe's arguments that the trial should have been severed and that the drugs seized during the search incident to arrest should have been suppressed. Under Rule 8(a), multiple offenses may be joined if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." All three counts in this case stem from the same event: a search incident to Mr. Lowe's arrest in the early morning hours of November 25, 2013, after a report of domestic violence. Mr. Lowe never asked for a severance before the trial started, and I now see no reason why one should have been ordered.

As for Mr. Lowe's suppression argument, he has raised this argument multiple times before; each time it was rejected because the search that led to the discovery of the incriminating evidence was constitutionally consented to by co-occupant Moore.[15] Mr. Lowe's latest arguments do not persuade me to doubt the correctness of those rulings.

For these reasons, Mr. Lowe's motion for a new trial and for a judgment of acquittal are both denied.

---

[15] *See* Doc. 94, 112.

**Conclusion**

IT IS HEREBY ORDERED that Lamalsikiou Lowe's motion for new trial (**Doc. 237**) and motion for a judgment of acquittal (**Doc. 238**) **are both DENIED**.

DATED May 8, 2015.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE