# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:14-cr-0004-JAD-VCF |
| Plaintiff/respondent | **Order denying defendant's motions for time-served credit, to vacate sentence, and for miscellaneous relief** |
| v. | |
| Lamalsikou Lowe (aka Lanalsikov Lowe), | [ECF Nos. 304, 306, 308, 309] |
| Defendant/petitioner | |

In 2015, a jury found Lamalsikou Lowe guilty of one count of possession of a controlled substance with intent to distribute and one count of being a felon in possession of a firearm, and the Ninth Circuit Court of Appeals affirmed his conviction. Lowe now moves to have his sentence credited for the 55 months he spent in federal pre-trial detention under a writ of habeas corpus ad prosequendum. Because Lowe has not exhausted his administrative remedies and seeks relief in the wrong court, I must deny his motion. I also deny Lowe's separate motion to vacate his sentence under 28 U.S.C. § 2255, which raises grounds for relief that the Ninth Circuit already decided on direct appeal or are without merit.

## Discussion

### I.    Motion for time-served credit [ECF No. 306]

"A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins."[1] It is the role the Attorney General, acting through the Bureau of Prisons (BOP), to calculate a defendant's

---

[1] *United States v. Wilson*, 503 U.S. 329, 330 (1992).

time-served credit.[2]  To challenge the BOP's calculation of this credit, an inmate must use its

administrative remedy procedure:[3]

> First, an inmate must attempt to informally resolve a complaint by
> filing a BP–8 form.  Second, if still dissatisfied, an inmate must
> submit a formal request for administrative remedy by filing a form
> BP–9.  Third, an inmate must appeal the step-two decision by
> filing a BP–10 with the Regional Director.  Finally, an inmate must
> appeal the Regional Director's response by filing a BP–11 with the
> General Counsel (Central Office).  . . .  An inmate has not
> exhausted his administrative remedies until completing each of
> these steps.[4]

Only once an inmate exhausts these administrative remedies may he "litigate the matter in the

district court"[5] by filing a petition under 28 U.S.C. § 2241—not § 2255.[6]  And unlike § 2255, a

§ 2241 petition must be filed in the federal judicial district in which the inmate is imprisoned.[7]

Here, Lowe failed to exhaust his administrative remedies.  And though he was convicted

and sentenced in this district, Lowe is currently incarcerated in USP Victorville, which is

encompassed by the U.S. District Court for the Central District of California.  I therefore lack

jurisdiction over this issue and must deny his motion.[8]

[2] *Id*. at 1354; *United States v. Lualemaga*, 280 F.3d 1260, 1265 (9th Cir. 2002).

[3] *Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir. 1984); 28 C.F.R. §§ 542.10–.16.

[4] *Eldridge v. Berkebile*, 576 F. App'x 746, 747 (10th Cir. 2014) (quotation marks and citations omitted).

[5] *Chua Han Mow*, 730 F.2d at 1313.

[6] *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

[7] *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

[8] *See Hernandez,* 204 F.3d at 865 ("An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction . . . .").

**II.      Motion to vacate [ECF No. 309]**

In his § 2255 petition, Lowe asserts four grounds for relief. Three of these grounds raise the same issues from Lowe's trial and sentencing that he unsuccessfully appealed to the Ninth Circuit: (1) a *Brady* violation[9] related to a medical report from a physical exam of Lowe's ex-girlfriend after he assaulted her; (2) a Fourth Amendment violation stemming from an officer removing the back cover to Lowe's cellphone and recording its serial number while Lowe was in custody; and (3) a Fifth Amendment violation resulting from the two-level sentencing enhancement for obstruction of justice that I imposed under U.S.S.G. § 3C1.1.[10] Because it is well-established that "issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding," I deny Lowe's petition as to these three previously reviewed grounds.[11]

Lowe's fourth ground is that I incorrectly calculated his sentence under U.S.S.G. § 2K2.1(a)(4)(A), which sets a base offense level of 20 if a defendant committed the offense of conviction after having been previously convicted of a crime of violence.[12] Lowe's presentencing report (PSR) revealed that he had a prior Nevada robbery conviction, which the

---

[9] *Brady v. Maryland*, 373 U.S. 83 (1963).

[10] ECF No. 309; *United States v. Lowe*, 676 F. App'x 728 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 125 (2017).

[11] *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979). The fact that Lowe, for the first time in this petition, frames the § 3C1.1 issue as a Fifth Amendment violation does not make it reviewable. *Id.* ("The fact that the issue may be stated in different terms is of no significance."). Similarly, Lowe asserts that he has new evidence that the government had possession of his ex-girlfriend's medical report: subpoenas directing the nurse who completed the report to bring it to trial. ECF No. 309 at 4. But this does nothing to undermine the Ninth Circuit's conclusion that the government did not suppress the report because Lowe knew about it *before* his trial. *Lowe*, 676 F. App'x at 730; ECF No. 265 at 13–14 (addressing this same issue in Lowe's motion for a new trial).

[12] ECF No. 309 at 7.

PSR concluded—and Lowe didn't contest—was a crime of violence.[13]  But Lowe now claims

that robbery is no longer a crime of violence in light of the U.S. Supreme Court's decisions in

*Johnson v. United States* and *Sessions v. Dimaya*.[14]

Lowe's reliance on this case law is misplaced.  In *Johnson*, the High Court held that the

so-called "residual clause" under the Armed Career Criminal Act's violent-felony definition was

void for vagueness.[15]  This decision led to constitutional challenges to other federal statutes that

use materially similar residual clauses in their crime-of-violence definitions, such as 18 U.S.C.

§ 16(b).  In *Dimaya*, the Court held that § 16(b)'s residual clause, as incorporated in the

Immigration and Nationality Act, was also unconstitutionally vague.[16]  Thus, contrary to Lowe's

bald assertion, the Supreme Court did not rule that all state robbery statutes are not violent

felonies or crimes of violence.

In the wake of *Johnson*, however, federal courts have addressed piecemeal whether

specific state crimes are categorically violent felonies or crimes of violence under those

definitions once stripped of their residual clauses.[17]  But I need not determine whether Lowe's

Nevada robbery conviction can still be considered a crime of violence under U.S.S.G. § 2K2.1

because the Supreme Court also held last year in *Beckles v. United States* that, unlike federal

criminal statutes, "the advisory Sentencing Guidelines are not subject to a due process vagueness

---

[13] PSR ¶ 32; *see also* ECF No. 269 (Lowe's sentencing memo).

[14] *Johnson v. United States*, 135 S. Ct. 2551 (2015); *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

[15] *Johnson*, 135 S. Ct. 2563.

[16] *Dimaya*, 138 S. Ct. at 1216.

[17] *See, e.g.*, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016) (finding that, absent the residual clause, Massachusetts armed robbery is not categorically a violent felony under the Armed Career Criminal Act).

challenge . . . ."[18]  *Johnson* and its progeny therefore have no impact on Lowe's sentence calculation, so I deny this ground for relief.

**III.    Miscellaneous motions [ECF Nos. 304, 308]**

Lowe originally filed a "motion for order to have legal work," claiming that the prison was denying him access to certain legal materials and consequently preventing him from filing a § 2255 petition.[19]  Given that Lowe did eventually file the instant petition, the issue was evidently resolved, and I therefore deny his motion as moot.  And because Lowe's claims are devoid of merit, I also deny his motion for appointment of counsel.[20]

**IV.    Certificate of appealability**

To appeal this order, Lowe needs a certificate of appealability from a circuit or district judge.[21]  In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[22] Although this standard is "lenient,"[23] I find that Lowe's grounds for relief are clearly precluded as a matter of law and therefore deny him the certificate.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that the following motions are **DENIED**:

- Motion for legal work **[ECF No. 304]** (as MOOT);

---

[18] *Beckles v. United States*, 137 S. Ct. 886, 897 (2017).

[19] ECF No. 304.

[20] ECF No. 308.

[21] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

[22] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[23] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

- Motion for credit for time served **[ECF No. 306]**;

- Motion to appoint counsel **[ECF No. 308]**;

- Motion to vacate sentence under 28 U.S.C. § 2255 **[ECF No. 309]**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**. The Clerk of Court is directed **to enter a separate civil judgment denying Lowe's § 2255 motion and denying a certificate of appealability.** The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:18-cv-01965-JAD.

Dated: November 9, 2018

_____
U.S. District Judge Jennifer A. Dorsey

6