UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:14-cr-00004-JAD-VCF |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion to Vacate Sentence** |
| Lanalsikov Lowe, | [ECF No. 319] |
| Defendant | |

Lamalsikou Lowe[1] is serving an 87-month federal prison sentence after a jury found him guilty of being a felon in possession of a firearm and possessing cocaine with intent to distribute and the Ninth Circuit affirmed.[2] In a one-page motion, Lowe moves under 28 U.S.C. § 2255 to vacate his conviction for being a felon in possession of a firearm under the Supreme Court's recent decision in *Rehaif v. United States*.[3] I do not order service of his motion on the United States and I deny his request for appointment of counsel because the motion and the files and records of this case conclusively show that he is entitled to no relief. Instead, they demonstrate that Lowe has not been prejudiced by the indictment's failure to allege—and the government's failure to prove—the mens rea element first recognized in *Rehaif*.[4]

---

[1] The spelling of Lowe's name in the caption is error.
[2] ECF Nos. 271; 285.
[3] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).
[4] Lowe also "note[s]" that the case has been "tainted" by "gang problems" with a government attorney. Because he does not articulate any request for relief in this "note[,]" I need not—and do not—address it.

**Discussion**

A federal prisoner may attack the legality of his conviction or sentence under 28 U.S.C. § 2255.[5] Federal courts should order service of a § 2255 motion on the United States and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[6]

In *Rehaif v. United States,* a defendant successfully challenged his conviction for possessing a firearm as an alien unlawfully in the United States in violation of 18 U.S.C. § 922(g).[7] Overturning a broad consensus among the circuit courts, the Supreme Court held that, in order to establish a violation of § 922(g), the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[8] For Lowe, that category is the class of persons convicted of a crime punishable by imprisonment for a term exceeding one year—in other words, convicted felons.[9]

The superseding indictment in Lowe's case charged him only with "knowingly possess[ing]" a firearm while "having been convicted of a crime punishable by imprisonment for a term exceeding one year . . . ."[10] Lowe thus argues that the government "never proved the elements laid out by the [S]upreme [C]ourt in *Rehaif v. United States*."[11] However, I conclude

---

[5] 28 U.S.C. § 2255(a).
[6] *Id.* § 2255(b).
[7] *Rehaif*, 139 S. Ct. at 2194–95.
[8] *Id.* at 2200.
[9] *See* ECF No. 30 at 2 (superseding indictment charging 18 U.S.C. § 922(g)(1) violation).
[10] *Id.*
[11] ECF No. 319 at 1.

that Lowe's motion and the files and records of the case conclusively show he is not entitled to relief because Lowe suffered no prejudice from the error and the error does not constitute a structural error.

## I. Procedural default

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'"[12]  "[W]here a constitutional claim is so novel that its legal basis is not reasonably available to counsel, a defendant has cause for his failure to raise the claim in accordance with applicable state procedures."[13]  Actual prejudice "requires the petitioner to establish 'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'"[14]  Numerous other courts have denied § 2255 challenges based on *Rehaif* because the movant failed to show prejudice necessary to excuse the procedural default.[15]

---

[12] *Bousley v. United States*, 523 U.S. 614, 622 (9th Cir. 1998) (citations omitted).

[13] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

[14] *Bradford v. Davis*, 923 F.3d 599, 613 (9th Cir. 2019) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986)) (alteration in original).

[15] *See, e.g.*, *Whitley v. United States*, No. 04 CR. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) ("[A]ny argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith . . . , Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. United States*, No. 1:12-CR-00084-JAW, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020); *Waring v. United States*, No. 17 CR. 50 (RMB), 2020 WL 898176, at *2 (S.D.N.Y. Feb. 25, 2020); *Floyd v. United States*, No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020).

      Lowe did not challenge on direct appeal the superseding indictment's failure to allege—or the government's failure to prove—that he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.[16] Lowe can demonstrate cause because the legal basis for his challenge was not reasonably available in light of the broad consensus among the circuit courts before *Rehaif*.[17] But Lowe cannot demonstrate actual prejudice because the files and records of the case show that Lowe clearly knew that he had been convicted of a crime punishable by a term of imprisonment of more than one year.

      Lowe testified at trial that he had three felony convictions,[18] and his judgments of conviction were introduced as exhibits.[19] When asked whether he was a convicted felon at the time he was alleged to have unlawfully possessed a firearm, Lowe replied, "Yes. . . . Once you're a convicted felon, you're always a convicted felon."[20] Lowe's Pre-Sentencing Report (PSR) indicates that by that date of the firearm possession, Lowe been sentenced to 72–80 months for robbery and 24–60 months for possession of stolen property, and he had spent more than five years in prison on those charges.[21] This evidence proves beyond a reasonable doubt that Lowe well knew at the time of the offense that he had been convicted of "a crime punishable by imprisonment for a term exceeding one year."[22] Thus, even if the jury had been instructed to

---

[16] ECF No. 290 (Ninth Circuit memorandum affirming conviction).

[17] *See Reed*, 468 U.S. at 17 (cause exists if a Supreme Court decision "overturn[s] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved") (quotation omitted).

[18] ECF No. 242 at 29.

[19] Exhibits 15a and 15b. *See* Exhibit List at ECF No. 232.

[20] ECF No. 242 at 29.

[21] PSR ¶ 32 (reflecting "2,041 days credit for time served as of 08/05/2005"). Though Lowe also had a 1997 felony drug-trafficking conviction that he received a 12–30 month sentence for, he served just 156 days of that sentence. *Id.* ¶ 29.

[22] 18 U.S.C. § 922(g)(1).

find the mens rea element recognized in *Rehaif*, its verdict on the felon-in-possession count would have been the same.[23]

## II. Structural error

Even if Lowe's procedural default could be excused, Lowe could not establish that the *Rehaif* error is a structural error not subject to harmless-error review. Structural errors "go to the framework within which judicial proceedings are conducted, they 'infect the entire trial process' and accordingly require 'automatic reversal of the conviction.'"[24] The Supreme Court has noted that "structural errors are a very limited class of errors that affect the framework within which the trial proceeds, such that it is often difficult[t] to asses[s] the effect of the error."[25] They include deprivation of counsel, lack of an impartial trial judge, violation of the rights to self-representation at trial and a public trial, and an erroneous reasonable-doubt instruction.[26]

The Supreme Court held in *Neder v. United States* that a district judge's failure to instruct the jury on an offense element did not amount to structural error.[27] In *Rehaif* itself, the Supreme Court remanded for harmless-error review rather than reverse the conviction.[28] And finally, the Ninth Circuit held in *United States v. Benamor* that a *Rehaif* error did not affect the substantial

---

[23] *See, e.g., United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (finding defendant not entitled to relief under *Rehaif* where he stipulated at trial that he was a convicted felon and cannot show a reasonable probability that the outcome of proceedings would have been different); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020) (finding "no probability that, but for the error, the outcome of the proceeding would have been different" with the *Rehaif* element due to the defendant's history of felony convictions for which he "spent more than nine years in prison" before his felon-in-possession charge).

[24] *McKinney v. Ryan*, 813 F.3d 798, 821 (9th Cir. 2015) (en banc).

[25] *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations and quotations omitted).

[26] *Id.*

[27] *Neder v. United States*, 527 U.S. 1, 25 (1999).

[28] *Rehaif*, 139 S. Ct. at 2200.

5

rights of a defendant who had been previously sentenced to terms of imprisonment greater than one year.[29] Each of these cases suggest that Lowe's conviction does not require automatic reversal. Because the files and records of this case show that Lowe is not entitled to relief, I deny Lowe's motion and do not order service of his motion on the United States. I deny his request for appointment of counsel for the same reason.[30]

### III.    Certificate of appealability

To appeal this order, Lowe needs a certificate of appealability from a circuit or district judge.[31] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[32] Although this standard is "lenient,"[33] I find that Lowe's challenge does not meet it. So I deny him a certificate of appealability.

## Conclusion

IT IS THEREFORE ORDERED that Lowe's motion to vacate under 28 U.S.C. § 2255 **[ECF No. 318] is DENIED. The Clerk of Court is DIRECTED to enter a separate civil judgment denying Lowe's § 2255 petition and denying a certificate of appealability.** The

---

[29] *Benamor*, 937 F.3d at 1189

[30] *See* 18 U.S.C.A. § 3006A(a)(2) (court may appoint counsel for financially eligible § 2255 movant if it "determines that the interests of justice so require"); *see also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

[31] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1).

[32] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation marks omitted).

[33] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:19-cv-01649-JAD.

Dated: May 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey