**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

      Plaintiff

v.

Lamalsikou Lowe,

      Defendant

Case No.: 2:14-cr-00004-JAD-VCF

**Order Dismissing Lowe's § 2255 Motion and Denying the Government's Motion to Dismiss as Moot**

[ECF Nos. 319, 332, 336]

Lamalsikou Lowe is serving an 87-month federal prison sentence after a jury found him guilty of being a felon in possession of a firearm and possessing cocaine with intent to distribute it, and the Ninth Circuit affirmed.[1]  Ten months after I denied Lowe's first motion to vacate his sentence under 28 U.S.C. § 2255,[3] he filed a second one.[4]  The government moves to dismiss that second motion because Lowe filed it in the district court without first obtaining the required authorization from the Ninth Circuit Court of Appeals.[5]  Lowe asks instead that I transfer the motion to the circuit court or stay my decision until the circuit hears argument on a pending, procedurally similar case.[6]

Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the

---

[1] ECF Nos. 271 (judgment); 285 (memorandum).

[3] ECF No. 309 (motion to vacate); ECF No. 311 (order denying motion).

[4] ECF No. 319 (pro se motion); ECF No. 332 (counseled supplemental motion).  I previously denied Lowe's second motion on the merits in error, then vacated that ruling and reinstated the motion.  *See* ECF No. 331.

[5] ECF No. 336.

[6] ECF No. 337.

motion, as required by 28 U.S.C. § 2255." The Ninth Circuit has explained that, without this certification, the district court lacks jurisdiction to consider a "second or successive" motion on its merits.[7] Ninth Circuit Rule 22-3 adds that "the district court may, in the interests of justice, refer" an "unauthorized second or successive . . . section 2255 motion" to the circuit court.

It is undisputed that Lowe failed to obtain the required certification from the Ninth Circuit to file his second § 2255 motion, so this court lacks jurisdiction to consider the merits of his motion. And though Lowe argues that the interests of justice would be served by referring his motion to the Ninth Circuit, I disagree because his motion is likely meritless and prolonging the process would be futile.

Lowe's second motion is based on the Supreme Court's recent decision in *Rehaif v. United States*[8] in which the Supreme Court held that, in order to establish a violation of § 922(g), the government must prove essentially that the defendant knew he was a convicted felon.[9] Because Lowe did not raise a *Rehaif* argument on direct review,[10] he can only pursue it now if he can show actual prejudice to excuse the procedural default.[11] Lowe cannot demonstrate actual prejudice because the files and records of the case (including his own trial testimony and the

---

[7] *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998) (concluding "that the district court lacked jurisdiction to consider the merits of [movant's] claim" because he "did not request the requisite certification from this court prior to filing this § 2255 motion in which he has raised a successive claim"); *see also Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (explaining that once "[t]he district court correctly recognized that [the movant's] petition was 'second or successive' under Section 2244(b) . . . it lacked jurisdiction to consider the merits of his petition").

[8] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[9] *See* ECF No. 30 at 2 (superseding indictment charging 18 U.S.C. § 922(g)(1) violation).

[10] ECF No. 290 (Ninth Circuit memorandum affirming conviction).

[11] *Bousley v. United States*, 523 U.S. 614, 622 (9th Cir. 1998) (citations omitted).

judgments of conviction admitted into evidence)[12] show that Lowe clearly knew that he had been convicted of a crime punishable by a term of imprisonment greater than one year.  Thus, even if the jury had been instructed to find the mens rea element first recognized in *Rehaif*, its verdict on the felon-in-possession count would have been the same.[13]  Because Lowe's failure to seek authorization for this second § 2255 motion leaves me without jurisdiction to consider it, and because the interests of justice do not support referring this unauthorized second motion to the Ninth Circuit, I construe the government's motion to dismiss as an opposition to Lowe's instant motion and its supplement, and I dismiss Lowe's motion for want of jurisdiction.

## Conclusion

IT IS THEREFORE ORDERED that Lowe's motion to vacate and its supplement **[ECF Nos. 319, 332] are DISMISSED.**

IT IS FURTHER ORDERED that the government's motion to dismiss Lowe's § 2255 motion **[ECF No. 336] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 21, 2020

---

[12] ECF No. 242 at 29; Exhibits 15a and 15b.

[13] *See, e.g., United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (finding that the defendant was not entitled to relief under *Rehaif* where he stipulated at trial that he was a convicted felon and could not show a reasonable probability that the outcome of proceedings would have been different); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020) (finding "no probability that, but for the error, the outcome of the proceeding would have been different" with the *Rehaif* element due to the defendant's history of felony convictions for which he "spent more than nine years in prison" before his felon-in-possession charge).