# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

United States of America,

    Plaintiff

v.

Lamalsikou Lowe,

    Defendant

Case No.: 2:14-cr-00004-JAD-VCF

**Order Denying Certificate of Appealability**

    Lamalsikou Lowe is serving an 87-month federal prison sentence after a jury found him guilty of being a felon in possession of a firearm and possessing cocaine with intent to distribute it, and the Ninth Circuit affirmed.[1] Ten months after I denied Lowe's first motion to vacate his sentence under 28 U.S.C. § 2255,[2] he filed a second one.[3] On the government's motion, I dismissed that second motion because Lowe filed it without first obtaining the required authorization from the Ninth Circuit Court of Appeals.[4] Lowe again appealed.[5]

    The Ninth Circuit has remanded this case for the limited purpose of granting or denying a certificate of appealability.[6] I decline to issue a certificate of appealability because Lowe has not made, and cannot make, a substantial showing of the denial of a constitutional right. Lowe's

---

[1] ECF Nos. 271 (judgment); 285 (memorandum).

[2] ECF No. 309 (motion to vacate); ECF No. 311 (order denying motion).

[3] ECF No. 319 (pro se motion); ECF No. 332 (counseled supplemental motion). I previously denied Lowe's second motion on the merits in error, then vacated that ruling and reinstated the motion. *See* ECF No. 331 (order).

[4] ECF No. 336 (motion to dismiss).

[5] ECF No. 340 (notice of appeal).

[6] ECF No. 343 (order remanding for certificate of appealability).

second motion was based on the Supreme Court's decision in *Rehaif v. United States*[7] in which the Supreme Court held that, in order to establish a violation of § 922(g), the government must prove essentially that the defendant knew at the time he illegally possessed a firearm that he was a convicted felon.[8] Because Lowe did not raise a *Rehaif* argument on direct review,[9] he could only pursue it in habeas if he could show actual prejudice to excuse the procedural default.[10] Lowe cannot demonstrate actual prejudice because the files and records of the case (including his own trial testimony and the judgments of conviction admitted into evidence)[11] show that Lowe clearly knew that he had been convicted of a crime punishable by a term of imprisonment greater than one year. Thus, even if the jury had been instructed to find the mens rea element first recognized in *Rehaif*, its verdict on the felon-in-possession count would have been the same.[12] Because Lowe's failure to seek authorization for this second § 2255 motion left this district court without jurisdiction to consider it, and because the interests of justice did not support referring this unauthorized second motion to the Ninth Circuit for its initial consideration, I construed the government's motion to dismiss as an opposition to Lowe's successive petition, and I dismissed the petition.

---

[7] *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[8] *See* ECF No. 30 at 2 (superseding indictment charging 18 U.S.C. § 922(g)(1) violation).

[9] ECF No. 290 (Ninth Circuit memorandum affirming conviction).

[10] *Bousley v. United States*, 523 U.S. 614, 622 (9th Cir. 1998) (citations omitted).

[11] ECF No. 242 at 29; Exhibits 15a and 15b.

[12] *See, e.g., United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019) (finding that the defendant was not entitled to relief under *Rehaif* where he stipulated at trial that he was a convicted felon and could not show a reasonable probability that the outcome of proceedings would have been different); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019), *cert. denied*, 140 S. Ct. 818 (2020) (finding "no probability that, but for the error, the outcome of the proceeding would have been different" with the *Rehaif* element due to the defendant's history of felony convictions for which he "spent more than nine years in prison" before his felon-in-possession charge).

**Conclusion**

IT IS THEREFORE ORDERED that **the district court DECLINES to issue a certificate of appealability**.

The Clerk of Court is directed to **SEND a copy of this order, along with the record of this case,** to the Ninth Circuit, as directed at ECF No. 343 ("the Clerk of the district court shall forward to [the Ninth Circuit] the record with the order denying the certificate.").

_____
U.S. District Judge Jennifer A. Dorsey
Dated: October 29, 2020